**Javan P. SHACKLEFORD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21157.**

United States Court of Appeals District of Columbia Circuit.

Argued and Decided Aug. 3, 1967.

Opinion Filed Aug. 7, 1967.

Mr. Kenneth D. Wood, Washington, D. C., with whom Mr. Bruce D. Beaudin, Washington, D. C., was on the pleadings, for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and James A. Strazzella, Asst. U. S. Atty., were on the pleadings, for appellee.

Before BURGER, WRIGHT and ROBINSON, Circuit Judges.

PER CURIAM.

This cause came on for hearing on appellant's motion for summary reversal and appellee's motion for summary affirmance and the original record on appeal herein, and the Court heard argument of counsel.

Upon consideration whereof, it is

Ordered by the Court that appellant's motion for summary reversal be denied, and it is

Further ordered by the Court that appellee's motion for summary affirmance is granted and it is

Further ordered and adjudged by this Court that the order under appeal herein is affirmed.

The Court reserves the right to file an opinion at a later date.

Opinion filed August 7, 1967

PER CURIAM:

This appeal presents the question whether a defendant detained on a felony charge prior to indictment, who after 24 hours is unable to satisfy the conditions of pretrial release imposed by a committing magistrate, must first seek review of the conditions by the "judicial officer" [1] who imposed them before re-

---

1. A "judicial officer" is defined as "any person or court authorized pursuant to section 3041 of this title [18], or the Federal Rules of Criminal Procedure, to bail or otherwise release a person before trial * * * and any judge of

questing amendment of the conditions in the District Court. The District Judge held that this was jurisdictionally required under the Bail Reform Act of 1966.[2] We affirm.

Appellant was arrested on a charge of unauthorized use of an automobile, D.C. Code § 22–2204 (1961). On June 26, 1967, he was taken before a Judge of the District of Columbia Court of General Sessions sitting as a committing magistrate.[3] Counsel was appointed to represent appellant and, on a finding of probable cause, appellant was held for the action of a grand jury. Bail was set at $1,000,[4] which appellant was unable to post, and he was ordered committed. Appellant counsel apparently terminated his representation of appellant at that point, as we are informed is more the rule than the exception.

Appellant's present counsel was appointed by the District Court during the week of July 3, 1967, and on July 12, 1967, filed a "Motion for Release Under 18 U.S.C. § 3146" in the District Court. The motion came on for hearing on July 21, 1967, and, after extensive argument, was denied. The ground relied on by the District Judge was that he was "without jurisdiction" to entertain the motion since there had been no application made to the Judge of the Court of General Sessions pursuant to 18 U.S.C. § 3146 (d) (Supp. II, 1966) for review of the condition of release he had imposed. This appeal followed.

The governing statutory provisions are contained in the Bail Reform Act of 1966.

Section 3146(d) of Title 18 provides in pertinent part:

"(d) A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended and the person is thereupon released, the judicial officer shall set forth in writing the reasons for requiring the conditions imposed. * * * Unless the requirement is removed and the person is thereupon released on another condition, the judicial officer shall set forth in writing the reasons for continuing the requirement. In the event that the judicial officer who imposed conditions of release is not available, any other judicial officer in the district may review such conditions."

Section 3147 of Title 18, pertaining to "[a]ppeal from conditions of release," further provides:

"(a) A person who is detained * * after review of his application pursuant to section 3146(d) or section 3146 (e) by a judicial officer, other than a judge of the court having original jurisdiction over the offense with which he is charged or a judge of a United States court of appeals or a Justice of the Supreme Court, may move the court having original jurisdiction over the offense with which he is charged to amend the order. Said motion shall

---

the District of Columbia Court of General Sessions." 18 U.S.C. § 3152(1) (Supp. II, 1966). A United States Commissioner also comes within this definition. See Rule 5, F.R.Crim.P.

2. Pub.L. 89–465, 80 Stat. 214, 18 U.S.C. § 3146 et seq. (Supp. II, 1966).

3. D.C.Code § 11–963(c) (Supp. V, 1966) provides:

"(c) In all cases, whether cognizable in the Court of General Sessions or in the District Court, the Court of General Sessions has jurisdiction to make preliminary examination and commit offenders or grant bail in bailable cases, either for trial or for further examination."

And see, 18 U.S.C. § 3141 (Supp. II, 1966).

4. See 18 U.S.C. § 3146(a) (4) (Supp. II, 1966).

be determined promptly." (Emphasis added.)

Thus, under § 3146(d) a defendant in custody unable after 24 hours to satisfy the conditions of pretrial release imposed by a "judicial officer" can move to have *that* judicial officer review the conditions imposed unless he is not available.[5] If the conditions are not amended so as to allow for the defendant's release, the committing judicial officer must "set forth in writing the reasons for continuing the requirement" imposed. Thereafter, under § 3147(a) a motion to amend the conditions of release can be addressed to a Judge of the District Court, the court with original jurisdiction over felony offenses in the District of Columbia.

■ Appellant suggests that while the above procedure may be followed under the Act, it is not jurisdictionally required, and that since § 3146(d) provides that a defendant "may" request the judicial officer who imposed the conditions to review them, that step is not necessarily a prerequisite to a motion in the District Court. But to adopt this interpretation is to disregard the plain meaning of § 3147(a), which allows a motion to amend the conditions of pretrial release to be filed in the District Court only if the defendant is still in custody "after review" has been sought pursuant to § 3146(d).[6] Moreover, it would deprive the committing judicial officer of an opportunity to reconsider and modify the conditions, or to state in writing his reasons for not doing so. And, of course, this would also deprive the District Judge of the "judicial officer's" written reasons when he is called on to review the original action.

■ It is further suggested that a committing magistrate loses jurisdiction over a defendant once the defendant is held for action by the grand jury. However, § 3146(e) provides that the judicial officer imposing conditions of release "may at any time amend his order to impose additional or different conditions of release." Thus quite to the contrary, a committing magistrate retains jurisdiction to amend the conditions of release he has imposed.[7]

■ It is undisputed that appellant did not comply with the procedure so clearly established by Congress in the above statutory provisions. Accordingly, we hold that the District Judge was correct in concluding that appellant's motion in the District Court was premature and that he was without jurisdiction to consider it at that time.

■ To avoid further difficulty concerning the duty of counsel appointed by a committing magistrate in the District of Columbia, we consider it useful to comment on one further aspect of this case. The committing magistrate here, a Judge of the Court of General Sessions, had appointed counsel for appellant in accordance with that court's Criminal Rule 24. That attorney was obligated

---

5. There is no allegation that the "judicial officer" was not available to review the condition of pretrial release he had earlier imposed.

6. Although we need not resort to examination of the legislative history of the Bail Reform Act of 1966 when the statutory language is so clear, we note that the legislative history supports our reading of the statutes. S.Rep. No. 750, 89th Cong., 1st Sess. 17 (1965). *See generally* Wald and Freed, *The Bail Reform Act of 1966: A Practitioner's Primer*, 52 A.B.A.J. 940, 942 (1966).

7. See also n. 3, *supra*. When proceeding under § 3146(e) or § 3146(d) the "judicial officer" need only hold a hearing when he deems one to be necessary.

H.R.Rep. No. 1541, 89th Cong., 2nd Sess. 11 (1966); S.Rep. No. 750, 89th Cong., 1st Sess. 14 (1965), U.S.Code Congressional and Administrative News, p. 2293.

We are informed that the present practice of the Court of General Sessions is to transmit forthwith all papers in the proceedings to the District Court once a defendant is held for the action of the grand jury. It would not be inconsistent with its duties in this regard to delay transmittal of these papers for a short period of time so as to allow original counsel to file, when necessary, an application for review pursuant to § 3146(d). This would encourage the prompt filing of such applications and facilitate their disposition.

to represent appellant "at every stage of the proceeding." As was said in Jones and Short v. United States, 119 U.S.App. D.C. 284, 291, 342 F.2d 863, 870 (1964):

> "Any practice of assigning a lawyer for the few moments the accused is before the magistrate and no more would mock the requirement of assistance of counsel. The appointment must continue until the prosecution is terminated *or other counsel* is appointed, which should normally be before arraignment." (Emphasis added.)

We therefore desire to make clear our view that counsel appointed by a committing magistrate is to continue in the case until other counsel is appointed so as to avoid a hiatus.[8] *Such continued representation includes the prompt filing of an application under § 3146(d) when indicated and an appeal to the District Court where appropriate.*

■■ Generally when new counsel is appointed by the District Court, see Rule 44 of the F.R.Crim.P., withdrawing counsel has been regarded as under an obligation to inform his successor, by way of a brief report, of all action previously taken and of any information relevant to the defendant's case. Apparently that was not done in this case; it should be done in all cases.[9] If such a report, however informal, is not punctually forthcoming new counsel should promptly request that information.

In concluding, we note that the charge against appellant is still pending before the grand jury. We need not decide in this case the effect of the return of an indictment when no application for review has been made pursuant to § 3146 (d). Suffice it to say that in these circumstances we agree with the District Judge and the order under appeal herein is

Affirmed.

---

8. In accordance with the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, the United States District Court for the District of Columbia has adopted a "Plan For Furnishing Representation For Indigents in The District Of Columbia." As amended by the Judicial Council for the District of Columbia the Plan requires that an attorney appointed by a Judge of the Court of General Sessions sitting as a committing magistrate "shall actively represent the defendant, including investigation and representation before the grand jury, at all stages of the proceedings until relieved or final disposition of the case." A similar provision applies to counsel appointed to represent an indigent before the United States Commissioner. We think it evident that what we have said above is equally applicable to such proceedings. See n. 1, *supra.*

9. Counsel should be required to state affirmatively in any application for compensation under the Criminal Justice Act of 1964 that he has fulfilled all his responsibilities prior to withdrawal from the case, including a statement that he has made the required report to succeeding counsel.