**UNITED STATES of America**

**v.**

**Robert A. GRIMES.**

**Crim. No. 723–67.**

United States District Court
District of Columbia.

Oct. 23, 1967.

Sol Zalel Rosen, Washington, D. C., for defendant.

Charles A. Mays, Dist. Atty., Washington, D. C., for Government.

## MEMORANDUM OPINION

WADDY, District Judge.

This case is before the Court on defendant's motion for release under the Bail Reform Act of 1966, 18 U.S.Code § 3146 et seq. For reasons which will appear hereinafter the Court is of the opinion that it is without jurisdiction to entertain the motion.

Defendant was arrested and charged with Robbery. A preliminary hearing was held on April 11, 1967, before a judge of the District of Columbia Court of General Sessions who held defendant for the action of the Grand Jury and ordered that the $25,000. bond previously set by another judge of that Court be continued in effect. On May 18, 1967 the Grand Jury returned an indictment charging defendant with Robbery, Assault with a Dangerous Weapon and Carrying a Dangerous Weapon. On June 21, 1967, Sol Rosen, Esq., the attorney who had represented the defendant in the Court of General Sessions, was appointed to represent him in this Court. The defendant has been held in jail unable to make bond since April 11, 1967.

On October 12, 1967, appointed counsel filed in this Court the present "Motion for Personal Bond or Other Alternative Relief" in which he states that "If personal bond is refused, the defendant prays that his bond be reduced or that he be recommended for a daytime work release program." Neither defendant nor anyone on his behalf made prior application to the General Sessions Judge who set the bond for review of the order fixing the conditions of his release.

The question before this Court is: Whether under the Bail Reform Act of 1966, 18 U.S.C. § 3146 et seq., an application for review addressed to the "judicial officer" who imposed the conditions of defendant's release, is a jurisdictional prerequisite to the fixing of such conditions by this Court after the return of an indictment.

In the case of Shackleford v. U. S., 127 U.S.App.D.C. ——, 383 F.2d 212,

Opinion filed August 7, 1967), the Court of Appeals held that such an application is a jurisdictional condition precedent in a case where the charge against the defendant was still pending before the grand jury. In that case the Court of Appeals expressly refrained from deciding the question now posed. This Court is of the opinion, however, that the literal language of the statute [1] and the interpretation placed thereon by the Court of Appeals in *Shackleford* requires a like conclusion in this case.

The statutory provisions in point are:

Section 3146(d) of Title 18 which provides

"(d) A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended and the person is thereupon released, the judicial officer shall set forth in writing the reasons for requiring the conditions imposed * * * Unless the requirement is removed and the person is thereupon released on another condition, the judicial officer shall set forth in writing the reasons for continuing the requirement. In the event that the judicial officer who imposed conditions of release is not available, any other judicial officer in the district may review such conditions."

Section 3146(d) of Title 18 which provides

"(a) A person who is detained * * * *after review of his application pursuant to section 3146(d)* or section 3146(e) by a judicial officer, other than a judge of the court having original jurisdiction over the offense with which he is charged or a judge of a United States court of appeals or a Justice of the Supreme Court, may move the court having original juris-diction over the offense with which he is charged to amend the order. Said motion shall be determined promptly." (emphasis added).

In *Shackleford* the Court of Appeals construed sections 3146(d) and 3147(a) together and stated:

"Thus, under § 3146(d) a defendant in custody unable after 24 hours to satisfy the conditions of pretrial release imposed by a 'judicial officer' can move to have that judicial officer review the conditions imposed unless he is not available. If the conditions are not amended so as to allow for the defendant's release, the committing judicial officer must 'set forth in writing the reasons for continuing the requirement' imposed. Thereafter, under § 3147(a) a motion to amend the conditions of release can be addressed to a Judge of the District Court, the court with original jurisdiction over felony offenses in the District of Columbia."

In answer to appellant Shackleford's contention that the procedure provided for in the Act was not jurisdictional the Court stated:

"* * * to adopt this interpretation is to disregard the plain meaning of § 3147(a), which allows a motion to amend the conditions of pretrial release to be filed in the District Court only if the defendant is still in custody 'after review' has been sought pursuant to § 3146(d). Moreover, it would deprive the *committing* judicial officer of an opportunity to reconsider and modify the conditions, or to state in writing his reasons for not doing so. And, of course, this would also deprive the District Judge of the 'judicial officer's' written reasons when he is called on to review the original action."

And it further stated, after considering Section 3146(e), that the "* * * committing magistrate retains jurisdiction to amend the conditions of release he has imposed."

I. Described as "so clear" in a footnote to *Shackleford*.

The language of the Court of Appeals quoted above is applicable equally to the facts of the instant case. Defendant remains in jail after indictment because of his inability to meet the conditions of release imposed upon him by a judicial officer in the District of Columbia Court of General Sessions. The statutory language requiring prior application to such officer for review is "clear" and contains no exception. This Court is therefore of the opinion that the statute and the rationale of *Shackleford* precludes the exercise of jurisdiction in this case, notwithstanding the return of an indictment.