Robert A. GRIMES, Appellant,

v.

UNITED STATES of America,
Appellee.

Roy T. GASKIN, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 21371, 21379.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1967.

Decided by Judgments entered
Nov. 15, 1967.

Opinion rendered Nov. 27, 1967.

**934**

Mr. Sol Rosen, Washington, D. C., for appellant in No. 21,371.

Miss Barbara A. Babcock, Washington, D. C., for appellant in No. 21,379.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Mr. David G. Bress, U. S. Atty., was on the briefs, for appellee.

Before WRIGHT, MCGOWAN and ROBINSON, Circuit Judges.

JUDGMENT − No. 21,371

PER CURIAM.

This cause came on for hearing on appellant's motion for summary reversal and the original record on appeal herein, and the Court heard argument of counsel.

Upon consideration whereof, it is

ORDERED by the Court that appellant's aforesaid motion for summary reversal be denied, and it is

FURTHER ORDERED AND ADJUDGED by this Court that the order under appeal herein is affirmed.

JUDGMENT − No. 21,379

PER CURIAM.

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

Upon consideration whereof, the Court, being of the opinion that the District Court was precluded from exercising jurisdiction in the circumstances of this case, see Shackleford v. United States, 127 U.S.App.D.C. 285, 383 F.2d 212 (No. 21,157 Aug. 7, 1967); United States v. Grimes, 275 F.Supp. 577 (D.D.C. Aug. 23, 1967).

It is ADJUDGED AND ORDERED by this Court that the order of the District Court appealed from in this cause be vacated, and that this case is remanded to the District Court with instructions to remit appellant to the procedures specified in 18 U.S.C. §§ 3146(d) and 3147(a) as a prerequisite to its making of a determination as to appellant's release pending trial in this case.

PER CURIAM:

In Shackleford v. United States, 127 U.S.App.D.C. 285, 383 F.2d 212 (No. 21,157, August 7, 1967), we held that under the Bail Reform Act of 1966[1] an accused, who after 24 hours is unable to satisfy the conditions of pretrial release imposed by a committing magistrate, must first seek review of the conditions of release by the "judicial officer"[2] who imposed them before requesting amendment of the conditions by the District Court. These appeals raise the question whether such review of conditions of release by the officer who imposed them in the first instance continues to be a prerequisite to the District Court's considering a motion to amend the conditions, even after the return of an indictment—a question we expressly left open in Shackleford.[3]

In No. 21,371, appellant was arrested and charged with robbery. A judge of the Court of General Sessions,

---

1. Pub.L. 89–465, 80 Stat. 214, 18 U.S.C. § 3146 et seq. (Supp. II, 1966).

2. The term "judicial officer" is defined by 18 U.S.C. § 3152(1) as "any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to bail or otherwise release a person before trial or sentencing or pending appeal in a court of the United States, and any judge of the District of Columbia Court of General Sessions." The term thus includes United States Commissioners. See Fed.R.Crim. P. 5(c).

3. "In concluding, we note that the charge against appellant is still pending before the grand jury. We need not decide in this case the effect of the return of an indictment when no application for review has been made pursuant to § 3146 (d). * * *" Shackleford v. United States, supra, 383 F.2d p. 216.

sitting as a committing magistrate,[4] ordered appellant held for the action of the grand jury and set bond in the amount of $25,000.[5] Though appellant continued to be detained because of his inability to furnish a bond in that amount, his attorney never requested the General Sessions Judge to review the conditions imposed, or to set forth in writing his reasons for continuing the conditions if he should refuse to modify them so as to permit appellant's release. An indictment was returned charging appellant with robbery, assault with a dangerous weapon and carrying a dangerous weapon; appellant was arraigned in the District Court, pled not guilty and was remanded to the District of Columbia Jail. Approximately two and one-half months later,[6] appellant moved in the District Court for release on personal bond or work release program, or for reduction of bond. The District Judge who heard the motion denied it on the ground that "the statute and the rationale of *Shackleford* precludes the exercise of jurisdiction in this case, notwithstanding the return of an indictment." Appellant noted his appeal, and now moves for summary reversal.

In No. 21,379, the United States Commissioner ordered appellant held for the action of the grand jury on a charge of manslaughter and set bond in the amount of $2,000. Following his indictment for second degree murder and carrying a dangerous weapon, to which he entered a plea of not guilty, appellant moved the District Court to release him on his personal recognizance. This motion was denied on the ground that "it is * * * likely that the defendant will leave the District of Columbia and not be available

for trial on these indictments." A second motion for release on personal recognizance was also considered and denied on its merits by the District Court, and this appeal followed.[7]

In both these cases the question raised is whether the motions to amend conditions of release were properly before the District Court, there having been no review of the conditions by the judicial officer who first imposed them. This issue arises under the following provisions of the Bail Reform Act of 1966, 18 U.S.C. § 3146 *et seq.:*

§ 3146(a): "Any person charged with an offense, other than an offense punishable by death, shall, at his appearance before a judicial officer, be ordered released pending trial * *."

§ 3146(d): "A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended and the person is thereupon released, the judicial officer shall set forth in writing the reasons for requiring the conditions imposed. * * * In the event that the judicial officer who imposed the conditions of release is not available, any other judicial officer in the district may review such conditions."

§ 3147(a): "A person who is detained, or whose release on condition requiring him to return to custody after specified hours is continued, after review of his

---

4. Authority is conferred on the Court of General Sessions to conduct preliminary examinations in felony cases by D.C.Code § 11–963(c) (1967).

5. It appears from the record that bond may have been set by a different judge than the one who conducted the preliminary examination. If so, the former judge would of course be the one to whom an application for review under 18 U.S.C. § 3146(d) should be submitted.

6. The delay is explained at least in part by the fact that appellant was committed to Saint Elizabeths Hospital for 60 days for mental examination.

7. Appellant is also charged with possession of marijuana, in Crim. No. 808–67. In that case, appellant has entered a plea of guilty, and an order has been entered releasing him on personal recognizance pending sentencing.

application pursuant to section 3146 (d) or section 3146(e) by a judicial officer, other than a judge of the court having original jurisdiction over the offense with which he is charged or a judge of a United States court of appeals or a Justice of the Supreme Court, may move the court having original jurisdiction over the offense with which he is charged to amend the order. Said motion shall be determined promptly."

§ 3147(b): "In any case in which a person is detained after (1) a court denies a motion under subsection (a) to amend an order imposing conditions of release, or (2) conditions of release have been imposed or amended by a judge of the court having original jurisdiction over the offense charged, an appeal may be taken to the court having appellate jurisdiction over such court. Any order so appealed shall be affirmed if it is supported by the proceedings below. If the order is not supported, the court may remand the case for further hearing, or may, with or without additional evidence, order the person released pursuant to section 3146(a). The appeal shall be determined promptly."

In *Shackleford*, we construed these sections to require an application under § 3146(d) to the officer who originally imposed conditions of release as a prerequisite to a motion to amend conditions, under § 3147(a), addressed to the District Court:

"[U]nder § 3146(d) a defendant in custody unable after 24 hours to satisfy the conditions of pretrial release, imposed by a 'judicial officer' can move to have *that* judicial officer review the conditions imposed unless he is not available. If the conditions are not amended so as to allow for the defendant's release, the committing judicial officer must 'set forth in writing the reasons for continuing the requirement' imposed. Thereafter, under § 3147(a) a motion to amend the conditions of release can be addressed to a Judge of the District Court, the court with original jurisdiction over felony offenses in the District of Columbia.

"Appellant suggests that while the above procedure may be followed under the Act, it is not jurisdictionally required, and that since § 3146(d) provides that a defendant 'may' request the judicial officer who imposed the conditions to review them, that step is not necessarily a prerequisite to a motion in the District Court. But to adopt this interpretation is to disregard the plain meaning of § 3147(a), which allows a motion to amend the conditions of pretrial release to be filed in the District Court only if the defendant is still in custody 'after review' has been sought pursuant to § 3146(d). Moreover, it would deprive the committing judicial officer of an opportunity to reconsider and modify the conditions, or to state in writing his reasons for not doing so. And, of course, this would also deprive the District Judge of the 'judicial officer's' written reasons when he is called on to review the original action."

383 F.2d p. 215.

Appellants attempt to distinguish the situation presented in *Shackleford* from these cases, on the ground that the return of an indictment vests "exclusive" jurisdiction in the District Court. A similar argument was made and rejected in *Shackleford:*

"It is further suggested that a committing magistrate loses jurisdiction over a defendant once the defendant is held for action by the grand jury. However, § 3146(e) provides that the judicial officer imposing conditions of release 'may at any time amend his order to impose additional or different conditions of release.' Thus quite to the contrary, a committing magistrate retains jurisdiction to amend the conditions of release he has imposed."

383 F.2d p. 215.

We find no more basis in the Act or its legislative history for concluding that the return of an indictment divests the

committing magistrate of the jurisdiction conferred by § 3146(e) than for the conclusion that the magistrate loses jurisdiction when he orders the accused held for the grand jury.

The Government in these appeals takes the position that an application for review by the committing magistrate is no longer required after indictment and arraignment have occurred, on the theory that the District Judge before whom the accused is arraigned may be viewed as setting new conditions of release, whether "by affirmative action or passive ratification." It argues that the arraignment judge is therefore the "judicial officer" to whom an application under § 3146(d) should be presented.[8] We are of the opinion, however, that Congress plainly did not intend the procedures specified in §§ 3146 and 3147 to be followed once during the pre-indictment stage, and then begun anew after the return of an indictment. Rather, Congress assumed and intended that conditions of release imposed pursuant to § 3146(a) would continue in effect until the accused either is acquitted or convicted, except as modified through the review procedures provided in §§ 3146(d), (e) and 3147. Section 3146 (a) provides that a "person charged with an offense, other than an offense punishable by death, shall, at his appearance before a judicial officer, be ordered released *pending trial* * * *." (Emphasis added.) Congress contemplated that the "appearance" referred to in § 3146(a) would in most cases be a preliminary hearing, and the "judicial officer" a committing magistrate:

"The function of setting bail pending indictment *and trial* in a U.S. district court is, in the majority of cases, not performed by a judge of the district court. It is performed in most cases by a U.S. commissioner, and in other cases by a State judge or magistrate authorized to do so under 18 U.S.C. 3041. In the District of Columbia, moreover, the function is very often performed by judges of the U.S. branch of the District of Columbia court of general sessions sitting as committing magistrates for Federal felony cases pursuant to section 11–755a of the District of Columbia Code. Ordinarily, only in the cases of persons indicted by a grand jury without having been previously arrested (so-called 'grand jury originals' including a high proportion of 'white collar offenses' such as mail fraud and tax evasion) is the function of setting bail performed by the district court which will try the accused."

S.Rep.No. 750, 89th Cong., 1st Sess. 17 (1965). (Emphasis added.)[9] That Congress meant no distinction to be drawn between the pre- and post-indictment stages is further supported by the fact that Congress did provide for a new release determination to be made following conviction. 18 U.S.C. § 3148, see Fed.R.Crim.P. 32(a) (1).

We therefore find no basis in the Act or its legislative history for the conclusion that the procedure required by §§ 3146 and 3147, as interpreted by this Court in *Shackleford*, is any less required after indictment than before.

▉ Various practical considerations are urged upon us, as reasons for limiting the rule applied in *Shackleford* to the pre-indictment situation. It is said that judicial officers acting as committing magistrates have neither the time nor the information[10] available to the District Judges; that generally the record of the case is transferred to the

---

8. Though it contends *Shackleford* is inapplicable after indictment, the Government argues that the procedure attempted below was incorrect, since the motions were not presented to the judge who had presided at arraignment.

9. Express provision is made in § 3147(b) (2) for an appeal directly to this court in

cases where conditions of release are imposed in the first instance by the District Court.

10. But see the District of Columbia Bail Agency Act, Pub.L. 89–519, 80 Stat. 327 §§ 2, 3, 4 (1966), D.C.Code §§ 23–902, 23–903 (1967).

District Court soon after the preliminary hearing; [11] and that any bail or cash collateral posted in the Court of General Sessions is usually forwarded to the District Court following indictment and arraignment.[12] Whatever the merits of such arguments, we think they are more appropriately to be considered by Congress than this Court. It may be that, if Congress had anticipated these difficulties, it would have treated the post-indictment situation differently from the period prior to indictment. But this Court, of course, must apply the statute as written.

Moreover, the problems which it is said would result from our applying *Shackleford* to the post-indictment period arise only in cases where no prompt application for review has been made to the committing magistrate. That Congress probably did not anticipate the difficulties suggested by the factual situations of these cases undoubtedly reflects its assumption that review would be sought promptly in every case where an accused continues to be detained as a result of his inability to meet the original conditions of release. The purpose of the Bail Reform Act was to "assure that all persons, regardless of their financial status, shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal * * *."[13] Congress recognized that "since release of the accused is the goal of the [Act] * * * every opportunity should be afforded the accused to have his release conditions amended, so that he can comply with them and secure his release."[14] The

expeditious review authorized by § 3146 (d) was thus the procedural mechanism whereby Congress sought to effectuate the Act's purpose. We do not think it would be in keeping with the congressional policy to in any way excuse or encourage counsel's failure to secure for their clients the benefits of that section.[15]

In *Shackleford*, we noted that it is the duty of an attorney appointed by a committing magistrate not to cease his representation upon completion of the preliminary hearing, but "to continue in the case until other counsel is appointed so as to avoid a hiatus. *Such continued representation includes the prompt filing of an application under § 3146(d) when indicated and an appeal to the United States District Court where appropriate.*"[16] We reaffirm that view, and in addition stress that absent exceptional circumstances, all counsel should consider it their duty in representing persons charged with felonies to make prompt application for review under § 3146(d), in any case where the accused continues to be detained because of inability to meet the original conditions.

■ It is plain that if counsel are diligent in fulfilling their responsibilities as set forth above, the practical difficulties which it is said would result from our applying *Shackleford* to the post-indictment period would largely disappear. For we interpret § 3147(a) to mean that once an application under § 3146(d) has been submitted to and determined by the officer who originally imposed conditions of release, the jurisdictional bar to the District Court's consideration of a motion to amend

---

11. See Shackleford v. United States, *supra*, 383 F.2d 212, n. 7.

12. See United States v. Barber, D.C.Ct. Gen.Sess.Crim. No. U.S. 44–39–67 (November 3, 1967).

13. Pub.L. 89–456, 80 Stat. 214, § 2 (1966).

14. S.Rep. No. 750, 89th Cong., 1st Sess. 12 (1966).

15. As we noted in *Shackleford*, failure to follow the § 3146(d) review procedure also deprives a later reviewing court of

the benefit of the written reasons of the officer who originally imposed conditions of release. "One of the chief objectives" of the Bail Reform Act was to "compel the bailing officer to place in writing his reasons for imposing the conditions," where the accused was unable to meet them and thus continued to be detained. 112 Cong.Rec. 89th Cong., 2d Sess. p. 11892 (June 7, 1966) (remarks of Representative Rogers); see S.Rep. No. 750, 89th Cong., 1st Sess. 12 (1966).

16. 383 F.2d p. 216 (emphasis in original).

conditions of release is permanently removed. Section 3147(a) provides that "a person who is detained * * * after review of his application pursuant to section 3146(d) or section 3146(e) * * may move the court having original jurisdiction over the offense with which he is charged to amend the order." We find nothing in the language of this section which would require a renewed application to the committing magistrate as a prerequisite to a second or successive motion addressed to the District Court, assuming review by the magistrate has once been had pursuant to § 3146(d). We therefore hold that the filing and determination of an application under § 3146(d) thereafter frees the District Court to entertain all such motions and enter all such orders respecting conditions of release as may be warranted by the circumstances. Any order modifying conditions of release, or denying a motion to amend conditions, would of course be appealable to this court under § 3147(b).

■ In conclusion, we observe that there may arise situations where the officer who first imposed conditions of release is unavailable, by reason of absence from the locality where the accused is being held or for some other reason, or where the officer for some reason fails to rule on the application or to set forth his written reasons. We wish to make clear that in any such situation immediate application may be made to the District Court, which shall then proceed promptly to review the conditions of release.[17]

In these cases, since no circumstances have been brought to our attention which would excuse the failure to seek review by the officer who originally imposed conditions of release, we hold that the motions to amend conditions of release were not properly before the District Court. We therefore affirm the judgment appealed from in No. 21,371 and in No. 21,379 we vacate the judgment of the District Court and remand for further proceedings consistent with this opinion.

---

17. Section 3146(d) provides that "in the event that the judicial officer who imposed conditions of release is not avail- able, any other judicial officer in the district may review such conditions."