Leon **SALLEY** and Grady Salley,
Petitioners,

v.

**UNITED STATES of America,**
Respondent.

No. 21558.

United States Court of Appeals
District of Columbia Circuit.

Decided Jan. 17, 1968.

Mr. John A. Keats, Washington, D. C., was on the pleadings for petitioners.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the pleadings for respondent.

Before BURGER, TAMM and ROBINSON, Circuit Judges, in Chambers.

PER CURIAM:

On December 6, 1967, petitioners were brought before Judge Fickling of

the District of Columbia Court of General Sessions on a complaint charging a felony. Judge Fickling, continuing the preliminary hearing to December 13, released petitioner Leon Salley to the custody of his father and set bond at $1,000 for petitioner Grady Salley.[1] Judge Kronheim of the Court of General Sessions conducted the preliminary hearing on December 13, at the close of which he ordered both petitioners held for grand jury action and announced that "bond is set in each case at ten thousand dollars." [2]

Petitioners then appealed to the District of Columbia Court of Appeals which on December 21 denied their motion for summary reversal and dismissed the appeal for lack of jurisdiction. Petitioners now ask us to allow an appeal to this court, and move alternatively for summary reversal of the District Court of Appeals or for "an order summarily reversing" the action of Judge Kronheim.

 On the present record, we agree with petitioners that Judge Kronheim lacked authority to modify the conditions of release established on December 6. Judge Fickling, as the judge who originally imposed conditions of release, was the judicial officer authorized to review them pursuant to a motion under 18 U.S.C. § 3146(d). Grimes v. United States, No. 21,371 (Nov. 27, 1967) at 310, 394 F.2d at 935 n. 5. We think he was also the proper judicial officer to amend the original conditions, either *sua sponte* or on motion of the Government, to impose "additional or different conditions" as authorized by 18 U.S.C. § 3146(e)—at least absent some indication, not found in the record before us, of his unavailability or failure timely to rule.[3]

 However, we conclude that the District Court of Appeals properly dismissed petitioners' appeal for lack of jurisdiction. The Bail Reform Act empowers that court to review orders respecting conditions of release only in misdemeanor cases, where the Court of General Sessions is "the court having original jurisdiction over the offense charged." 18 U.S.C. § 3147(b). Nor was the District Court of Appeals authorized to vacate Judge Kronheim's order in the exercise of its general appellate jurisdiction over the Court of General Sessions,[4] since the questioned order was entered by a judge of the latter court sitting as a committing magistrate in a case involving charges cognizable solely in the United States District Court.[5]

We therefore deny the petition for allowance of an appeal and dismiss the mo-

---

1. Petitioner Grady Salley remained in custody because of his inability to furnish a bond in this amount. His application pursuant to 18 U.S.C. § 3146(d) for review of this condition was filed in the Court of General Sessions on December 7, 1967, but for some unexplained reason had not been acted on at the time of the preliminary hearing, 6 days later. Under such circumstances, application to the United States District Court would be appropriate in his case. In Grimes v. United States, No. 21,371, 129 U.S.App. D.C. 308, 394 F.2d 933 (Nov. 27, 1967) holding that an application under 18 U.S.C. § 3146(d) is a prerequisite to the United States District Court's determination of a motion under 18 U.S.C. § 3147 (a), we noted that if the officer "fails to rule on the application * * * immediate application may be made to the District Court, which shall then proceed promptly to review the conditions of release." (at 314, 394 F.2d at 939).

2. There is no indication in the record that petitioner Leon Salley had violated the conditions of his release, nor had the Government moved for amendment of the conditions imposed by Judge Fickling.

3. Of course once the conditions for invocation of the jurisdiction of the District Court have been fulfilled, see note 1, *supra*, that court is thereafter free "to entertain all such motions and enter all such orders respecting conditions of release as may be warranted by the circumstances." Grimes v. United States, *supra* note 1, at 314, 394 F.2d at 939.

4. See Gaskin v. United States, No. 21,-379, 129 U.S.App.D.C. 308, 394 F.2d 933, (order entered Nov. 15, 1967).

5. See 18 U.S.C. § 3041; D.C.Code § 11–963 (1967); Go-Bart Co. v. United States, 282 U.S. 344, 352–354, 51 S.Ct. 153, 75 L.Ed. 374 (1931).

tions for summary reversal, without prejudice, however, to the submission of appropriate motions or petitions to the United States District Court.[6]

---

6. See Blue v. United States, 119 U.S. App.D.C. 315, 321, 342 F.2d 894, 900 (1964); Washington v. Clemmer, 119 U.S.App.D.C. 216, 339 F.2d 715 (1964); see also Holmes v. United States, 125 U.S.App.D.C. 187, 370 F.2d 209 (1966).

In addition to seeking vacation of Judge Kronheim's bail order, petitioner Grady Salley might also seek review of the $1,-000 bond condition imposed by Judge Fickling. See note 1, supra.