**UNITED STATES of America**
**v.**
**Cassino CLARK.**
**Crim. A. No. 22960.**

United States District Court
E. D. Pennsylvania.
Aug. 22, 1968.

See also D.C. 289 F.Supp. 610.

Drew J. T. O'Keefe, John R. Galloway, Philadelphia, Pa., for United States Attorney's Office.

William P. Stewart, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The defendant Cassino Clark has been charged in an indictment filed August 1, 1967, with one count of robbery of a post office using a dangerous weapon in violation of Title 18 U.S.C. § 2114. The defendant was arrested on June 29, 1967, and bail was set in the amount of $15,000.00 by the United States Commissioner on July 24, 1967. Since the time of his arrest he has been detained in Holmesburg County Prison in Philadelphia, Pennsylvania, and his case is listed for trial in October 1968.[1] Presently he has made two motions pursuant to Title 18 U.S.C. § 3147(a) for reduction of bail and/or release in his own recognizance. Because this Court is without jurisdiction to entertain the defendant's motions at the present time these motions must be denied.

The recently-enacted Bail Reform Act clearly entitles a person detained on bail to review of the initial bail determination by the court having original jurisdiction over the offense with which he is charged.[2] The language of the Act indicates, however, that a jurisdictional prerequisite to such review is an application pursuant to Title 18 U.S.C. § 3146(d) to the judicial officer who originally imposed bail.[3] In the absence of such an application, this Court is without the jurisdiction to entertain a motion pursuant to Title 18 U.S.C. § 3147(a) even if the prisoner has been indicted since the time of the bail hearing. See, Shackleford v. United States, 383 F.2d 212, 215, (C.A. D.C., 1967), and United States v. Grimes, 275 F.Supp. 577, 579 (D.C., Wash., D.C. 1967). The purpose served by this jurisdictional requirement is to permit " * * the committing judicial officer * * * an opportunity to reconsider and modify the conditions (of bail), or to state in writing his reasons for not doing so." *Shackleford*, supra, 383 F.2d at 215.

The defendant here has not made prior application pursuant to Title 18 U.S.C. § 3146(d) to the United States Commissioner who originally imposed bail. He also has not alleged that this officer is not available for purposes of making such a review, an allegation which, if true, would permit this Court to treat his present motions as motions made pursuant to Title U.S.C. § 3146. See supra, f. n. 3. Accordingly, it would be

---

1. The date for the defendant's trial was set originally for January, 1968, but has been continued until October, 1968, because of the defendant's still pending motions to suppress at trial identification and material evidence.

2. Title 18 U.S.C. § 3147(a) reads: "A person who is detained, or whose release on a condition requiring him to return to custody after specified hours is continued, after review of his application pursuant to section 3146(d) or section 3146(e) by a judicial officer, other than a judge of the court having original jurisdiction over the offense with which he is charged or a judge of a United States court of appeals or a Justice of the Supreme Court, may move the court having original jurisdiction over the offense with which he is charged to amend the order. Said motion shall be determined promptly."

3. Title 18 U.S.C. § 3146(d) reads, in pertinent part: "A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended and the person is thereupon released, the judicial officer shall set forth in writing the reasons for requiring the conditions imposed * * * In the event that the judicial officer who imposed conditions of release is not available, any other judicial officer in the district may review such conditions."

improper for this Court to entertain the defendant's motions at this time.

For the reasons discussed above it is hereby ordered that the defendant's motions to reduce bail and/or release him on his own recognizance are denied.

See also, D.C., 289 F.Supp. 608.