Herman D. JONES, Appellant,

v.

**UNITED STATES, Appellee.**

No. 9961.

District of Columbia Court of Appeals.

Nov. 5, 1975.

Michael L. Fayad, Washington, D.C., for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry and Peter E. George, Asst. U. S. Attys., for appellee.

Before FICKLING,* GALLAGHER and NEBEKER, Associate Judges, in chambers.

NEBEKER, Associate Judge:

This pretrial bail appeal is before the court on the parties' motions for summary disposition, the responsive pleadings there-to, and the record on appeal as supplemented pursuant to an earlier order of this court. The court holds that the order of the trial court setting a $5,000 surety bond is not supported by the trial court proceedings.[1] However, because the trial court has not indicated consideration of other dispositional alternatives, we deny both motions and remand the case for further proceedings.

Appellant Jones was originally arrested and charged with grand larceny[2] from the Brookings Institution, his then-place of employment. He was released on a personal recognizance bond and was told to stay away from the complaining witness. However, he returned to the Brookings Institution and allegedly threatened to "get" the witness (also an employee of Brookings Institution). As a result, Jones was arrested two days later on a warrant charging obstruction of justice.[3] A $5,000 surety bond was set. A motion for review of that condition of his release having been denied by the trial court, Jones appeals seeking reversal of the surety bond order.

In refusing to modify the release condition, the trial court relied heavily upon the seriousness of the obstruction of justice charge. That court concluded that "in view of the serious nature of the pending charges" amounting to an "assault on the integrity of the judicial system", and the unemployment of the accused, Jones was "unreliable and unlikely to abide by nonfinancial conditions" of release. That court also refused third-party custody or to permit the posting of ten percent of the bond amount in lieu of a surety.

■■■ The record does not reveal a trial court evaluation of the merits of the obstruction of justice charge. It should be noted, however, that Jones contests the

* Judge Fickling did not participate in the disposition of this appeal.

1. D.C.Code 1973, § 23–1324.

2. D.C.Code 1973, § 22–2201.

3. D.C.Code 1973, § 22–703.

complaining witness' version of the events which led to his second arrest. Even so, had the trial court inquired into that charge and concluded that there was clear and convincing evidence that Jones was guilty of obstruction of justice, his detention would have been warranted pursuant to D.C.Code 1973, § 23–1322(a)(3). *See Blunt v. United States,* D.C.App., 322 A.2d 579 (1974). The effect of § 23–1322, aside from detention, is to ensure the defendant an expedited trial,[4] a guarantee he presently lacks.

■ Once the trial court chose to set a money bond under D.C.Code 1973, § 23–1321, the pretrial release statute, that bond could not be justified on reasons relating to dangerousness to other persons or the community. Money bond may be used only to prevent flight of the appellant or to assure his appearance for trial. D.C. Code 1973, § 23–1321(a); *Villines v. United States,* D.C.App., 312 A.2d 304, 306 (1973). The setting of an unattainable money bond is not a permissible means to assure against dangerousness including the threatening of witnesses. This is not to say that events such as threatening or intimidating witnesses cannot, in addition to justifying detention, also point to likelihood of flight. One desperate enough to threaten or harm witnesses may also be desperate enough to flee if such efforts fail. However, the trial court has not based its conclusion on that reasoning. It simply viewed the "charges" as "serious".

■ Moreover, no basis is expressed or is apparent in the record as to why some form of third-party custody acceptable to the trial court would not assure appearance and prevent threat of danger. Such a condition of release is nonfinancial and, particularly when requested by the accused, should be explored and rationally imposed or rejected before a monetary bond is selected. It should be remembered that the setting of third-party custody and intensity thereof as a condition of release need not immediately result in release. The custodian or custodians when obtained, as well as the degree of supervision they undertake, must be acceptable to the court before release is permitted. Third-party custody is the first and preferred condition of release to be used in conjunction with or in lieu of personal recognizance. D.C.Code 1973, § 23–1321(a). The fact that an acceptable custodian is not available is no reason to reject that type of release condition and resort to a surety bond. Monetary conditions of release may not be used to assure against dangerousness, but non-monetary conditions may be used for that purpose. *Id.*

■ Absent the implications surrounding the obstruction of justice charge, there is no support in the record for conditioning appellant's release upon the posting of a $5,000 surety bond. Appellant's only prior criminal record is a 1974 conviction for petit larceny. This conviction was found not to preclude appellant's release on personal recognizance in the grand larceny case, and we do not view the subsequent events as justifying a surety bond of $5,000 to the exclusion of other avenues for resolving the issue of custody.

Accordingly, the motions for summary disposition are denied and the case is remanded pursuant to D.C.Code 1973, § 17–306, to the trial court with instructions to conduct further proceedings on the issues of pretrial detention under D.C.Code 1973, § 23–1322(a)(3), or appropriate conditions of release under D.C.Code 1973 § 23–1321. *See Bouknight v. United States,* D.C.App., 305 A.2d 524 (1973).

*So ordered.*

---

4. *See* D.C.Code 1973, § 23–1322(d).