## UNITED STATES of America

### v.

### Joseph MANRIQUEZ.

### Crim. No. 76–573.

United States District Court,
E. D. Pennsylvania.

Nov. 3, 1978.

James D. Coleman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Anthony Lombardino, Kew Gardens, N.Y., for defendant.

## MEMORANDUM

POLLAK, District Judge.

1. The Government today moved to increase defendant's bail to $150,000. The following is the background relevant to the motion:

A. On or about December 7, 1976, defendant was indicted in this district, charged with three counts of armed robbery of a truck traveling in interstate commerce. Defendant did not appear for his scheduled arraignment on December 17, 1976, and a bench warrant was thereupon issued for his arrest. Efforts by federal law enforcement officers to find defendant apparently were unsuccessful; at length, on May 10, 1978, he was arrested by New York City police on charges of involvement in an armed robbery. Bail in the sum of $35,000, with surety, was set in connection with the New York charges.

B. Following defendant's New York arrest, he was at last arraigned on the federal charges, on or about June 19, 1978, by Honorable Tullio Leomporra, a Magistrate of this Court. Magistrate Leomporra set bail at $25,000—10%.

C. It now appears, according to the Government, that, as of yesterday, November 2, defendant has succeeded in making bail on the New York charges.

D. It further appears that, having gained release from state custody, the defendant will this afternoon seek release from federal custody, by presenting an application to Magistrate Chrein in the Eastern District of New York for release in conformity with the bail order entered by Magistrate Leomporra last June. Magistrate Chrein, advised that a motion to increase defendant's bail has been submitted to me, telephoned to advise me of the status of the proceedings before him. Informed by me that I am denying the Government's motion without prejudice to the Government's entitlement to renew it before Magistrate Leomporra, Magistrate Chrein stated that he would wait until 3:30 p. m. today before entertaining defendant's application for release.

E. The Government's motion to increase defendant's bail is predicated on its fear that defendant, who has been a fugitive from these federal charges in the past, will again disappear.

2. I entertained the Government's motion to increase defendant's bail in chambers this morning. The Government was represented by Assistant U.S. Attorney James D. Coleman, Esq., who was there in person. Defendant was represented by Anthony Lombardino, Esq., who was talking by telephone from his office in Kew Gardens, N. Y., to Mr. Coleman and me.

3. I am denying the Government's motion to increase defendant's bail to $150,000. My denial is not on the merits:

A. I think the Government's application should be directed to Magistrate Leomporra, who set bail in the first instance. Whether I even have the power to supersede Magistrate Leomporra before he has had the opportunity to reconsider the matter himself is, in my judgment, by no means clear. The Bail Reform Act certainly contemplates that the judicial officer who first determines the bail question will, in normal course, be the judicial officer who is first called on to reconsider the question. See 18 U.S.C. § 3146(d) and (e); *Shackleford v. United States*, 127 U.S.App.D.C. 285, 288, 383 F.2d 212, 215 (1967); *Salley v. United States*, 134 U.S.App.D.C. 90, 413 F.2d 364 (1968). But even if the path contemplated by the statute is not mandatory, it is an orderly procedure from which, since Magistrate Leomporra is available, I see no reason to depart.

B. Not only is Magistrate Leomporra available, but he has assured me—in a conversation subsequent to my telephone conference with Messrs. Coleman and Lombardino—that he will be ready to entertain the matter this coming Monday, November 6, 1978, if the Government decides to renew its motion. If the matter is considered next Monday (or such later date as Messrs. Coleman and Lombardino agree upon with Magistrate Leomporra) there will be an opportunity to explore in detail, and in a proper courtroom setting, the merits of the Government's motion. Messrs. Coleman and Lombardino were extremely helpful in our telephone conference this morning, but it goes without saying that such a conference is hardly a substitute for a conventional bail proceeding in court with the defendant and counsel actually present.

4. I will enter this Memorandum, and an accompanying Order denying the Government's motion, forthwith. I will also ask Mr. Coleman to telephone the text of this Memorandum to the Office of the United States Attorney in the Eastern District of New York, with the request that it be conveyed promptly to Mr. Lombardino and Magistrate Chrein.