**UNITED STATES of America, Plaintiff,**

v.

**Joseph F. RADEKER et al., Defendants.**

No. 79–222–C.

United States District Court,
E. D. Oklahoma.

July 27, 1979.

Louis Smith, Muskogee, Okl., for petitioner Radeker.

Julian K. Fite, U. S. Atty., Muskogee, Okl., for respondent United States of America.

ORDER

DAUGHERTY, Chief Judge.

Petitioner Joseph F. Radeker has filed a Petition "In re habeas corpus of Joseph F. Radeker" in this Court. He complains that at the direction of "Federal Employees" he is being unlawfully imprisoned and restrained at the Ottowa County (Oklahoma) Jail. He alleges that at 7:00 p. m. on July 19, 1979 he was arrested at his home in Miami, Oklahoma, in connection with *Unit-*

*ed States v. Crossland & Radeker*, No. 79–63–CR (E.D.Okl., filed on July 18, 1979);[1] that he was soon thereafter taken before a United States Magistrate who required him to post a bond in the amount of $15,000 or surety; and that he remains in jail at this time as he is unable to make this bond. He claims that the bond is exorbitant and that he is a proper candidate for bond on personal recognizance. He seeks as relief herein that he be brought before a federal judge or magistrate where a hearing can be properly had on a recognizance bond, and that he be discharged from his imprisonment.

The Court finds that the instant Petition should be denied as this Court is without jurisdiction to entertain the same.

■ Rule 46, Federal Rules of Criminal Procedure, provides that "[e]ligibility for release prior to trial shall be in accordance with 18 U.S.C. § 3146, § 3148, or § 3149." While the Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3152, entitles a person detained on bail to review of the initial bail determination by the court having original jurisdiction over the offense with which he is charged,[2] the language of the Act indicates, however, that a jurisdictional prerequisite to such review is an application pursuant to 18 U.S.C. § 3146(d) to the judicial officer who originally imposed bail.[3] In the absence of such an application, this Court is without jurisdiction to entertain a petition to amend the original order. *See Grimes v.*

*United States*, 129 U.S.App.D.C. 308, 394 F.2d 933 (D.C.Cir.1967); *Shackleford v. United States*, 127 U.S.App.D.C. 285, 288, 383 F.2d 212, 215 (D.C.Cir.1967); *United States v. Clark*, 289 F.Supp. 608, 609 (E.D. Pa.1968); Annot., construction and application of provisions of federal Bail Reform Act of 1966 (18 U.S.C. §§ 3146, 3147) governing pretrial release or bail of persons charged with noncapital offense, 8 A.L.R. Fed. 586, § 12 (1971).

■ The Petitioner here has not made prior application to the United States Magistrate who originally imposed bail. He also has not alleged that this officer is not available for purposes of making such a review, an allegation which, if true, would permit this Court to treat the instant Petition as a motion made pursuant to 18 U.S.C. § 3146. *See* 18 U.S.C. § 3146(d); *United States v. Clark, supra.* Accordingly, it would be improper for this Court to entertain the Petitioner's Petition at this time.

On this basis, the Petitioner's Petition is denied as it is premature and the Court is without jurisdiction to consider it at this time.

1. In the Indictment in that case, Radeker is charged with one count of conspiracy, in violation of 18 U.S.C. § 371, and several counts of unlawfully converting to his own use Indian tribal organization funds, in violation of 18 U.S.C. § 1163.

2. 18 U.S.C. § 3147(a) provides:
A person who is detained, or whose release on a condition requiring him to return to custody after specified hours is continued, after review of his application pursuant to section 3146(d) or section 3146(e) by a judicial officer, other than a judge of the court having original jurisdiction over the offense with which he is charged or a judge of a United States court of appeals or a Justice of the Supreme Court, may move the court having original jurisdiction over the offense with which he is charged to amend the order. Said motion shall be determined promptly.

3. 18 U.S.C. § 3146(d) provides in pertinent part:
A person for whom conditions of release are imposed and who after twenty-four hours from the time of the release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the judicial officer who imposed them. Unless the conditions of release are amended and the person is thereupon released, the judicial officer shall set forth in writing the reasons for requiring the conditions imposed. . . . In the event that the judicial officer who imposed conditions of release is not available, any other judicial officer in the district may review such conditions.