UNITED STATES of America, Appellee,

v.

Peter ZUCCARO, Defendant-Appellant.

No. 1287, Docket 81–1083.

United States Court of Appeals, Second Circuit.

Argued March 18, 1981.

Decided March 18, 1981.

Opinion Filed April 6, 1981.

---

Stephen R. Mahler, Kew Gardens, N.Y., for defendant-appellant.

Diane F. Giacalone, Asst. U. S. Atty., Brooklyn, N. Y., for appellee.

Before LUMBARD and NEWMAN, Circuit Judges, and WERKER,* District Judge.

PER CURIAM:

This appeal from an order of the District Court for the Eastern District of New York (Henry Bramwell, Judge) setting bail in the

amount of $350,000 primarily concerns the question whether a district judge has jurisdiction to set more stringent terms for bail than those previously set by a magistrate, in the absence of any intervening change of circumstances. On March 4, 1981, appellant Zuccaro was arrested on a complaint charging the hijacking of an armored car in violation of 18 U.S.C. § 2113(a) and (d) (1976). That same day he was presented before United States Magistrate A. Simon Chrein, who set bail at $150,000. The next day an Assistant United States Attorney presented a motion to the District Court, seeking to have bail set at $500,000. After hearing the prosecutor and counsel for the defendant, Judge Bramwell set bail at $350,000. From that order Zuccaro appealed, pursuant to 18 U.S.C. § 3147(b)(2) (1976). We affirmed Judge Bramwell's order after oral argument. This opinion sets forth our reasons.

The bail provisions of the Criminal Code explicitly set forth the authority of a district judge to modify the conditions of bail at the request of the person detained. Section 3146(d) permits a person detained after 24 hours to have the conditions reviewed by the judicial officer who imposed them; that officer is required to set forth the reasons for the conditions, if their imposition results in confinement. A person detained after reconsideration by the judicial officer pursuant to § 3146(d) is authorized by § 3147(a) to "move the court having original jurisdiction over the offense with which he is charged to amend the order" specifying the conditions of release. *See Grimes v. United States*, 394 F.2d 933 (D.C.Cir.1967) (requiring prior resort to procedure of § 3146(d); *Shackleford v. United States*, 383 F.2d 212 (D.C.Cir.1967) (same). However, no explicit authority is spelled out for modifications of conditions of bail at the request of the Government.

■ Nevertheless, we find such authority implicitly contemplated by the provisions of § 3147(b), which authorizes appellate review

* The Honorable Henry F. Werker of the United States District Court for the Southern District of New York, sitting by designation.

of the conditions of bail. Under subsection (b), appellate review is permitted under two circumstances. The first is where a court has denied a motion under subsection (a), *i. e.*, a motion made by the person detained. The second is where conditions of release have been "imposed *or amended* by a judge of the court having original jurisdiction over the offense charged." (Emphasis added). By contemplating amendment of the conditions of release by the trial judge, the statute could mean amendment only upon motion of the defendant or also upon motion of the Government. If the conditions were initially set by the trial judge, as might occur if the judge was the judicial officer before whom the accused was first presented pursuant to Fed.R.Crim.P. 5, there would be no question that amendment could be sought by the Government, since § 3146(e) explicitly authorizes the judicial officer who originally set the conditions of bail to amend his order by imposing additional conditions. We see no reason to doubt that the authority of the trial judge to amend conditions of bail can also be exercised, upon motion of the Government, when the conditions were previously set by some other judicial officer.

■ Several considerations lead us to this interpretation. First, conditions of bail are set to govern release "pending trial," 18 U.S.C. § 3146(a). Since the time period for which the conditions are set extends into a period in which the judge with jurisdiction over the offense will be exercising his jurisdiction, he should have authority to make such orders as he deems necessary to assure the presence of the defendant, and the Government should have the opportunity to seek the exercise of that authority. Second, situations frequently arise where a person is arrested in a distant district and then removed to the district of prosecution. Fed.R.Crim.P. 40. When this occurs, it would not make sense to insist that the Government's only recourse in seeking additional conditions of bail is to apply to the judicial officer who originally set the conditions of bail and ask him to amend them under § 3146(e). Third, it must be appreciated that the category of judicial officers authorized to set the initial conditions of bail covers a broad range of officials including local justices of the peace. 18 U.S.C. §§ 3041, 3141. Congress would not likely have accorded these officers authority to set conditions of release immune from revision by a district judge upon the Government's application. We conclude that Judge Bramwell had jurisdiction to entertain the Government's application to alter the conditions of bail.[1] Since we find authority for the District Judge's action in the provisions concerning bail, we need not consider the significance of 28 U.S.C. § 636(b)(1)(A), authorizing a judge to reconsider a pretrial matter determined by a magistrate "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." In our view the trial judge may amend the conditions of bail subject only to the statutory standards applicable to the setting of bail, without any prior determination that the magistrate's order was clearly erroneous or contrary to law.

■ We also reject appellant's procedural claim that the proceedings before Judge Bramwell required Zuccaro's presence in addition to that of his counsel. The setting of additional conditions of bail is neither a stage of the trial nor any of the other proceedings at which Fed.R.Crim.P. 43 requires the presence of the defendant.

■ On the merits, we see no basis to disturb Judge Bramwell's order. Zuccaro had previously been convicted of robbery in New York, and has since then been arrested twelve times. The Government presented evidence that he has close ties with organ-

---

1. Having set additional conditions of bail, Judge Bramwell will be obliged to set forth his reasons in the event an appropriate challenge is made pursuant to § 3146(d). Normally such application should be made to the district judge prior to seeking review in this Court. We have entertained this appeal despite appellant's failure to seek reconsideration before Judge Bramwell and a statement of reasons, since the essential issue raised is whether the District Judge had jurisdiction.

ized crime, has no current employment or employment history, is known to possess a sawed-off shotgun, and has been implicated in a number of attempted murders. The hijacking in which Zuccaro is charged involves the theft of $750,000.[2]

Affirmed.

2. Five days after Judge Bramwell's order, Zuccaro was indicted for the armored car hijacking and also for the previous hijacking of another armored car from which $310,000 was taken.