**David CLOTTERBUCK, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 83–170.**

District of Columbia Court of Appeals.

March 9, 1983.

Gregory B. Macaulay, Washington, D.C., for appellant.

Stanley S. Harris, U.S. Atty., and Michael W. Farrell and Patricia A. Broderick, Asst. U.S. Attys., Washington, D.C., for appellee.

Before KELLY, NEBEKER and FERREN, Associate Judges, in chambers.

NEBEKER, Associate Judge:

This is a pretrial bail appeal brought pursuant to D.C.Code § 23–1324(b) (1981). It presents for the first time the question whether, in light of the new commissioner system in the Superior Court, judges of that court retain plenary power over pretrial bail in cases brought before them for further proceedings after presentment to the commissioner. We hold that while subsequent bail matters may be brought before the commissioners, the trial court judges possess authority to take action modifying or revoking pretrial bail.

The accused was presented before a commissioner along with a codefendant on charges of armed robbery and armed rape. Bail was set at $5,000. The accused posted the bond and was released. Within a week a preliminary hearing was held before Judge Revercomb. After hearing testimony respecting the specifics of the offenses, Judge Revercomb found probable cause and, sua sponte, raised bond for the accused to $50,000. Not being able to post that amount, the accused sought 24-hour review pursuant to D.C.Code § 23–1321(d) (1981). Judge Revercomb entered written reasons as contemplated by that subsection when he denied modification. This appeal was duly taken to present the question as outlined. The government has moved for summary affirmance and the accused, consistent with his earlier position, opposes.

The issue presented centers on the question whether bail modification authority must lie, at least initially, solely with the commissioner who originally set bail. With the advent of Superior Court commissioners, Super.Ct.Crim.R. 117 was adopted. It provides in pertinent part that when a felony is charged "review of the commissioner's determination of conditions of release shall be made, upon motion, by the commissioner who made the initial determination." The

commissioner's action is required to be in writing and is subject to approval by a Superior Court judge before it becomes "final." The rule thus contemplates that a Superior Court judge will have automatic responsibility to impose a separate judgment respecting bail.

■ Considering this rule together with the bail statute, we hold that the rule cannot divest judges of the Superior Court of their plenary power respecting bail. We are persuaded by the reasoning of the court in *United States v. Zuccaro*, 645 F.2d 104 (2d Cir.1981), where it was held that a district judge could alter conditions of release set by a United States magistrate. The action taken there was under the Bail Reform Act of 1966 which for present purposes is the same as the District of Columbia bail laws. That court correctly observed that Congress did not intend that bail set by subordinate officers was "immune from revision by a district judge." *Id.* at 106. This conclusion applies with greater force here, as already observed, since a Superior Court judge has responsibility to approve or alter bail action by a commissioner. *See* Super.Ct.Crim.R. 117, *supra.* We add that whether the trial judge acted sua sponte as here, or on motion by the prosecutor as in *Zuccaro*, is a difference without legal distinction. The question is one of authority to act on matters of bail when change is deemed warranted and not who initiates the action.

It is argued that D.C.Code § 23–1321(e) (1981) precludes our holding because it provides that a judicial officer who orders release "may at any time amend his order to impose additional or different conditions of release." We view that provision as permissive and intended simply to insure that as a criminal case progresses after presentment the original judicial officer, be he a commissioner or a Superior Court judge, retains bail authority but not to the exclusion of another judge who has more immediate responsibility for the case.

We recognize the holdings in *Salley v. United States*, 134 U.S.App.D.C. 90, 413

F.2d 364 (1968); *Grimes v. United States*, 129 U.S.App.D.C. 308, 394 F.2d 933 (1967), and *Shackleford v. United States*, 127 U.S. App.D.C. 285, 383 F.2d 212 (1967), as they relate to this issue. Those holdings interpreted the Bail Reform Act of 1966 before the effective date of the present District of Columbia bail laws. They held that a Court of General Sessions judge who sets bail at presentment must perform 24-hour review even though the case had been transferred from the General Sessions Court to the United States District Court which then had original jurisdiction over the felony. Consistent with our holding, *Salley* and *Grimes* recognized that return to the General Sessions judge was not necessary once the case had reached indictment and was assigned to a district judge. At that point that judge possessed plenary authority over the case, including any bail modification. *Salley v. United States, supra*, 134 U.S.App. D.C. at 91 n. 3, 413 F.2d at 365 n. 3.

■ We therefore conclude that Judge Revercomb possessed authority to modify conditions of release originally imposed by the commissioner. However, our review of the written reasons for denying bail modification discloses a deficiency requiring remand for consideration of the specific requests that "less onerous" release conditions —"return to full time employment" and a residence requirement—be imposed in lieu of $50,000 surety bond. This request was embodied in the review motion. The trial court did not articulate a basis for rejecting the request. He is free to do so if justification exists in his view, but reasons for rejection must be stated. *See Jones v. United States*, 347 A.2d 399, 405 (D.C.1975).

*So ordered.*