**DISTRICT OF COLUMBIA, Appellant,**

v.

**Gerhard ECK, Appellee.**

**No. 83–830.**

District of Columbia Court of Appeals.

Argued April 25, 1984.

Decided May 31, 1984.

Richard B. Nettler, Asst. Corporation Counsel, Washington, D.C., with whom Inez Smith Reid, Corporation Counsel, John H. Suda, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Lutz Alexander Prager, Asst. Corporation Counsel, Washington, D.C., were on the brief, for appellant.

James L. Quarles III, Washington, D.C., with whom Christine Nicholson and Steven S. Snider, Washington, D.C., were on the brief, for appellee.

Before MACK, FERREN, and PRYOR, Associate Judges.

FERREN, Associate Judge:

The District of Columbia appeals from an order of a Superior Court commissioner dismissing an information that charged appellee with violating the Housing Code. We conclude that a commissioner's ruling on a motion under Super.Ct.Crim.R. 12(b) does not become a final order until a trial judge approves and adopts it. We therefore dismiss the appeal and remand the case to the trial court for further proceedings.

Appellee, Gerhard Eck, is a limited partner in H & S Associates, which holds title to an apartment building at 1319 Park Road, N.W. After tenants complained of a lack of heat and hot water during the winter months of 1982, the District of Columbia filed four criminal informations against appellee, charging him as an owner[1] of property in violation of the Housing Code. 5G DCRR §§ 2402, 2405, and 2407. Appellee moved to dismiss the information. Commissioner Queen held hearings on June 27 and 30, 1983, and granted appellee's motion. According to the brief, the Corporation Counsel's office inquired of the Criminal Division, Superior Court, whether D.C.Code § 11–1732 (Supp.1983) and Super. Ct.Crim.R. 117 required a trial judge to adopt and approve the commissioner's ruling to make it a final order. Judge Ugast responded that no such approval was required. This appeal followed.

---

1. 5G DCRR § 1102 makes clear that the "owner" of a building for purposes of housing code violations need not be the holder of legal title. "Owner" is defined as:

    any person who, alone or jointly or severally with others, meets either of the following criteria:
    (a) Has legal title to any building arranged, designed, or used (in whole or in part) to house one or more habitations; or

    (b) Has charge, care, or control of any building arranged, designed or used (in whole or in part) to house one or more habitations, as owner or agent of the owner, or as a fiduciary of the estate of the owner or any officer appointed by the court. Any persons representing the actual owner shall be found to comply with the terms of this title and any notice or rules and regulations issued pursuant to this title, to the same extent as if he or she were the owner.

■ Dismissal of an information without prejudice is ordinarily a final order. *See United States v. Cummings*, 301 A.2d 229 (D.C.1973) (per curiam). The question, then, is whether a commissioner's ruling on a motion to dismiss constitutes a final order.

Commissioners are appointed pursuant to D.C.Code § 11–1732 (Supp.1983)[2] and Super.Ct.Crim.R. 117. D.C.Code § 11–1732(c) provides in relevant part:

A hearing commissioner ... may perform the following functions:

* * * * * *

(4) with the consent of the parties involved make findings and recommendations in ... contested hearings in the ... criminal ... division[ ] of the superior court .... The findings and recommendations of the hearing commissioner shall when approved by a judge of the appropriate division constitute a final order of the superior court.

The statute, therefore, clearly contemplates approval by a trial judge as a prerequisite to the finality of a hearing commissioner's merits ruling.

■ Adopted pursuant to D.C.Code § 11–1732 (Supp.1983), Super.Ct.Crim.R. 117(c) requires trial judge approval and adoption of a commissioner's findings and recommendations as to guilt and sentencing in non-jury criminal cases in which the maximum confinement is 90 days or less and the maximum fine does not exceed $300. Although Rule 117 does not specifically provide for a commissioner to hear motions in such cases under Super.Ct. Crim.R. 12(b), we conclude that a commissioner's authority to dispose of criminal cases under Rule 117(c) implies authority to hear such a pretrial motion. That authority, however, is necessarily limited by the requirement of Rule 117(c)—and of the statute itself—that a trial judge must approve and adopt (with the implied power to reject)[3] the commissioner's ruling if, as in this case, it purports to be a final order.[4]

■ The commissioner's order here was not approved by a judge. Judge Ugast's communication to counsel is not of record and, in any event, apparently represented an opinion about the correct procedure in general rather than a ruling on the merits of this particular case. The commissioner's ruling is therefore not a final order. We lack jurisdiction over the appeal. *See* D.C. Code § 11–721(a) (1981).

The appeal is dismissed and the case remanded to the trial court for further proceedings.

*So ordered.*

**2.** This statute, originally scheduled to expire September 30, 1983, was extended to September 30, 1984, by Pub.L. No. 98–63, 97 Stat. 301, 345 (1983).

**3.** *See Clotterbuck v. United States*, 459 A.2d 134 (D.C.1983).

**4.** Consistent with the statute, the requirement of judicial approval of a final order is found throughout Super.Ct.Crim.R. 117. Rule 117(b)(1) requires a judge to approve a commissioner's findings and recommendations as to conditions of pretrial release. Rule 117(d) requires trial judge approval and adoption of a commissioner's findings and recommendations as to pleas of guilty or nolo contendere and sentencing in cases heard pursuant to Rule 117(c), *supra.*