Kwasi KWAKYE, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 84–532.

District of Columbia Court of Appeals.
Submitted Feb. 20, 1985.
Decided June 19, 1985.

---

Keith Winston Watters, Washington, D.C., was on the brief for appellant.

Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Michele Giuliani, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before NEBEKER, BELSON and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

This case presents for our decision what procedure is necessary for review in the trial court of hearing commissioners' actions. Given the provisions for such review by the trial court under D.C.Code § 11–1732(c)(5) (Supp.1984)[1] and our responsibili-

---

1. D.C.Code § 11–1732(c)(5) provides:
   [A hearing commissioner may] with the consent of the respondent make findings and recommendations in any nonjury traffic infraction matters in the superior court. A rehearing of the case, or a review of the hearing commissioner's findings and recommenda-tions, may be made by a judge of the superior court sua sponte. The findings and recommendations of the hearing commissioner when approved by a judge of the superior court shall constitute a final order of the superior court.

ty to regulate in the trial court all matters relating to appeals (D.C.Code § 17–302 (1981)), we remand this case for a review on the record of the issues raised on appeal.

After a non-jury trial before a hearing commissioner, appellant Kwasi Kwakye was convicted of fleeing the scene of an accident involving damage to property in violation of D.C.Code § 40–716(a)(1) (1981). He and the District of Columbia consented to a non-jury trial before a hearing commissioner. After being found guilty, Kwakye moved for a new trial. Commissioner Treanor denied the motion and recommended a $100 fine, a 10-day suspended sentence, and one year of unsupervised probation. Judge Shuker indicated his approval of the guilty finding and sentence recommendation by signing his name next to Commissioner Treanor's signature on the judgment orders.

Kwakye appeals, arguing that there was insufficient evidence to support his conviction, and that he did not make a knowing and intelligent waiver of his right to counsel at the trial. Kwakye's waiver argument merits careful consideration, but we conclude that his contentions should have been presented to and reviewed by the trial court judge before being raised on appeal to this court.

■ Section 11–1732(c)(4) (Supp.1984) authorizes hearing commissioners, with the consent of the parties, to decide non-jury criminal cases where the maximum possible sentence is 90 days and the maximum possible fine is $300. A "review" of a commissioner's "findings and recommendations" is contemplated. Commissioners' findings and recommendations become final orders

**2.** The House Report states "The new section authorizes the use of hearing commissioners to perform the more ministerial functions presently carried out by judges of the Superior Court." H.R.Rep. No. 747, 97th Cong., 2d Sess. 19 (1982). See S.Rep. No. 516, 97th Cong., 2d Sess. 74 (1982).

**3.** Judgment was entered on April 24, 1984. The trial transcript was prepared on June 29, 1984.

only after being "approved" by a Superior Court judge. See id.; Super.Ct.Crim.R. 117(c); District of Columbia v. Eck, 476 A.2d 687 (D.C.1984).[2] The trial court has authority to adopt the commissioner's proposed findings, to modify them where necessary to correct error, or to rehear the case. See District of Columbia v. Eck, supra, 476 A.2d at 689; Clotterbuck v. United States, 459 A.2d 134 (D.C.1983).

■ Given the overall thrust of the hearing commissioner statute, we conclude that trial court review is a prerequisite to its approval of a commissioner's findings and recommendations when objections are raised. The review process is ineffectual if trial judges simply approve commissioners' proposed findings without meaningful consideration of specific issues to be raised on review. The process would be unduly burdensome to the trial court if the reviewing judge is expected to search the record for reversible error without some guidance from the objecting party. Accordingly, counsel or a party objecting to a commissioner's action should have a reasonable time to note the points in writing and present a record for review. A modification of Rule 117(c) will be necessary.

In this case, the trial court judge indicated approval of Commissioner Treanor's recommended findings by signing his name on the judgment orders. It is not clear from the record what specific issues, if any, were considered in deciding to approve the recommended findings. It is apparent that the trial court judge reviewed the case without benefit of a trial transcript,[3] and without the aid of arguments from the parties.[4]

Of course, not every objection will require the preparation of transcript.

**4.** The improper waiver of counsel argument was raised in Kwakye's motion for a new trial—but that motion was directed to Commissioner Treanor, and it is clear from the record that no transcript of the waiver proceedings was available at the time of trial court review. Thus, the issue, if considered, must have been decided

We hold that under these circumstances there was not the approval of Commissioner Treanor's proposed findings required by § 11–1732. Here, Kwakye did not present his objections to Judge Shuker. In any event, Judge Shuker could not meaningfully review Kwakye's arguments without a trial transcript. We hold that party-initiated trial court review of hearing commissioners' recommended findings under § 11–1732 is a prerequisite to an appeal and must be on a record sufficient to permit review of the specific issues raised. In order to make the judge's approval other than perfunctory, it is necessary that a defendant have the opportunity to object to the findings and recommendations of the hearing commissioner. Objections may be raised in the form of a motion for a new trial, or other appropriate motion. *See, e.g.,* Super.Ct.Crim.R. 33. The trial court judge should consider the objections on an adequate record before deciding whether to approve the findings and recommendations of the hearing commissioner and should rule on the motion before entering a final judgment.

The case is remanded to the trial court for further proceedings.

*So ordered.*

without a record (transcript or otherwise) of the     waiver proceedings.