**Thomas Gerald SPEIGHT, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–1369.**

District of Columbia Court of Appeals.

Submitted Jan. 5, 1989.

Decided May 19, 1989.

---

**358**

Joyce A. Wilson, appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., with whom Michael W. Farrell, Helen M. Bollwerk, and Su Zann Lamb, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee. Sharon M. Collins, Asst. U.S. Atty., Washington, D.C., also filed an appearance.

Before ROGERS, Chief Judge, FERREN, Associate Judge, and KERN, Senior Judge.

KERN, Senior Judge:

In October 1986, Congress enacted the District of Columbia Judicial Efficiency Improvement Act, Pub.L. No. 99–573, § 2(a), 100 Stat. 3228 (codified at D.C.Code § 11–1732 (1988 Supp.)) (the Act).[1] The Act, *inter alia*,[2] authorized hearing commissioners to serve on a permanent basis in the Superior Court of the District of Columbia and empowered them to "make findings" and "enter final judgments" in non-jury criminal trials of non-felony offenses and in other proceedings. With respect to final orders and judgments entered by hearing commissioners, the Act specifically provided that "An appeal to the District of Columbia Court of Appeals may be made only after a judge of the Superior Court has reviewed the order or judgment." D.C.Code § 11–1732(k); *see* Super. Ct.Crim.R. 117(k).

■ On October 29, 1987, a Superior Court hearing commissioner, after a trial at which a female undercover police officer testified that appellant had offered her money to perform a sexual act, found appellant guilty of the misdemeanor charge of soliciting for prostitution in violation of D.C.Code § 22–2701 (1988 Supp.).[3] *See Graves v. United States*, 515 A.2d 1136, 1144–48 (D.C.1986); *see generally Dinkins v. United States*, 374 A.2d 292, 295 (D.C. 1977) (en banc). The hearing commissioner entered a judgment order fining appellant and placing him on probation. On the very same day, a Superior Court judge also signed that order. Appellant has appealed

---

1. The Senate Committee Report accompanying the Act, S.Rep. No. 477, 99th Cong., 2d Sess. (1986), notes that this legislation implemented "many of the most noncontroversial recommendations" from a variety of sources "that require legislative action by the Congress" to improve the District of Columbia court system that the Congress established in 1970 by the District of Columbia Court Reform Act of 1970. *See generally Palmore v. United States*, 290 A.2d 573 (D.C. 1972), *aff'd, Palmore v. United States*, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973).

2. The Act, in addition to establishing permanently hearing commissioners, modified the procedure of appointment of the courts' execu-

tive officer; provided a mandatory retirement age for District of Columbia judges and for judicial service by retired judges; set salaries for District of Columbia judges commensurate with those of federal judges; revised in part the procedures of the District of Columbia Judicial Nomination Commission and the District of Columbia Commission on Judicial Tenure and Disabilities; and provided for the certification of questions of law by certain other courts, including the Supreme Court of the United States, to the District of Columbia Court of Appeals.

3. The hearing commissioner expressly found appellant's trial testimony in denial of the charge "unbelievable."

to this court from this judgment solely on the ground that the evidence presented at his trial was insufficient to support the judgment of conviction.

The record on appeal reveals that the court reporter at appellant's trial did not prepare the transcript of the trial until February, 1988. Thus, it is clear that when the Superior Court judge signed the judgment the hearing commissioner had entered in this case in 1987, the judge did not have this transcript before him. Nor does the record reflect that the signing judge listened to the tape of the trial proceedings, or considered any objection by appellant upon a written summary of the evidence presented at trial, as the applicable rule, Super.Ct.Crim.R. 117(f)(1), requires a reviewing judge to do. Indeed, there is a handwritten notation on the judgment form entered by the hearing commissioner and signed by the judge which reads: "Kwakye Waived—Notice of Appeal Given." This appears to indicate that appellant chose not to present to the signatory judge any challenge to the hearing commissioner's guilty finding and judgment prior to noting his appeal.

In *Kwakye v. District of Columbia*, 494 A.2d 643, 645–46 (D.C.1985), this court established what constituted a proper review by a trial court judge of a hearing commissioner's order:

> The review process is ineffectual if trial judges simply approve commissioners' proposed findings without meaningful consideration of specific issues to be raised on review.... It is apparent that the trial court judge reviewed the [instant] case without benefit of a trial transcript, and without the aid of arguments from the parties.... The trial court judge should consider the objections on an adequate record before deciding whether to approve the findings and recommendations of the hearing commissioner....

The issue in *Kwakye* was whether the trial court judge had approved and adopted the hearing commissioner's findings and recommendations so that this court had a *final* judgment before it for appellate review. The statute applicable at the time of *Kwakye* provided that a hearing commissioner's findings and recommended sentence could "constitute a final order of the Superior Court," and hence be appealable to this court, only after a Superior Court judge had "approved and adopted" them. *See District of Columbia v. Eck*, 476 A.2d 687, 689 (D.C.1984). Our holding in *Kwakye* as to what constitutes a meaningful "review" by a Superior Court judge of a hearing commissioner's determination establishes the reviewing process called for by the 1986 Act *before* an appeal may be made to this court.

We conclude in the instant case upon this record that a Superior Court judge did not review the hearing commissioner's judgment as the Act requires before defendant may invoke this court's jurisdiction. Neither the parties nor this court can by waiver evade the limitation placed by Congress upon the reach of this court's jurisdiction. *See Hewsen v. Lynch*, 343 A.2d 45, 47 (D.C.1975).

In sum, the Act confers upon the hearing commissioner the authority to make findings and enter final judgments in enumerated civil and criminal cases. A Superior Court judge is required to review the hearing commissioner's findings and judgment either upon request by a party or when the judge *sua sponte* determines so to review. The former request for review by a party must take place within ten days from the date of service or statement on the record of the judgment; the court's *sua sponte* review must occur within 30 days from entry of the judgment. Super.Ct.Crim.R. 117(f)(1), (2).[4] The judge should conduct this review either upon a written summary of the evidence prepared by the parties or after listening to the tape or reading the transcript of the proceedings before the

---

**4.** Subsection (4) of this Rule permits the reviewing judge to extend the time for such review "for a period not to exceed 20 days from the expiration of time otherwise prescribed...." In the

interest of justice and to assure orderly procedure, the hearing commissioner should inform the parties of their right to review and the time limitations thereon.

commissioner. The judge should also consider any objections raised by the party challenging such judgment. Super.Ct. Crim.R. 117(f)(1); *see Kwakye, supra,* 494 A.2d at 644–45 (an appellate court is responsible for regulating in the trial court all matters relating to appeals).

■ In the instant case, the appeal must be dismissed for lack of jurisdiction because Congress has dictated that a judge of the Superior Court review the hearing commissioner's order before an appeal may be taken to this court. No such review has taken place and neither the parties nor the

District of Columbia courts can avoid, by waiver or otherwise, the dictates of Congress contained in its 1986 District of Columbia Judicial Efficiency Improvement Act.[5]

*So ordered.*

---

5. Even if this court had jurisdiction to consider this appeal without a prior review by the trial court as the statute requires, the judgment of conviction would stand because there was ample evidence presented at trial from which the trier-of-fact could find appellant guilty beyond a reasonable doubt. *See Dinkins, supra,* 374 A.2d at 296.