**Emory H. DORM, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 88–630.

District of Columbia Court of Appeals.

Submitted May 18, 1989.

Decided June 14, 1989.

Richard T. Moore was on the brief for appellant.

Jay B. Stephens, U.S. Atty., with whom Michael W. Farrell, Helen M. Bollwerk, Washington, D.C., and Kathleen Brandon, Asst. U.S. Attys., New York City, were on the brief, for appellee.

Before FERREN and BELSON, Associate Judges, and GALLAGHER, Senior Judge.

FERREN, Associate Judge:

Appellant was convicted of taking property without right, D.C.Code § 22–3816 (1988 Supp.), at a bench trial before a hearing commissioner with appellant's consent, see D.C.Code § 11–1732(j)(5) (1988 Supp.); Super.Ct.Crim.R. 117(c) (1987).[1] He contends the commissioner committed reversible error by admitting certain facts into evidence over his objection. Appellant failed to raise this issue before the trial court in his motion for review of the hearing commissioner's findings and judgment. See D.C.Code § 11–1732(k) (1988 Supp.). Accordingly, we must affirm.

Appellant's assertion of error is premised on the admission of certain facts into evidence under the business records exception to the hearsay rule. Appellant, however, never raised this issue before the trial court in his motion for review of the commissioner's findings.[2] Rather, he only presented to the trial court a claim that the evidence presented at trial was insufficient for conviction—an issue not renewed before this court. Thus, we confront the question whether a defendant who has invoked the trial court's review of a commissioner's findings and judgment by asserting a particular claim of error may raise for the first time in this court a claim of error not presented to the trial court.

In *Kwakye v. District of Columbia,* 494 A.2d 643 (D.C.1985), this court remanded the case for further proceedings because the trial judge had merely signed his name next to the commissioner's signature on the

---

1. Super.Ct.Crim.R. 117 was amended on April 28, 1988.

2. On the first page of his motion for trial court review, appellant maintained "there was insufficient evidence by which a conviction could be established beyond a reasonable doubt." In his "Issues for Review" section of the motion, he asserted that "the government presented insufficient evidence to prove him guilty beyond a reasonable doubt. Moreover, the government's

physical and testimonial evidence lacked sufficient reliability and corroboration to merit a conviction." Appellant ended the motion by urging that "the totality of the evidence presented during the trial did not conclusively establish, beyond a reasonable doubt," his guilt. In sum, we cannot conclude from our review of the motion that appellant raised any issue concerning the inadmissibility of evidence under the hearsay rule on his appeal to the trial court.

judgment orders without conducting a meaningful review of the commissioner's rulings. We held that, under D.C.Code § 11–1732 (1988 Supp.) as a "prerequisite to an appeal" to this court, the trial judge must consider "a record sufficient to permit review of the specific issues raised," including the defendant's objections to the "findings and recommendations of the hearing commissioner." *Id.* at 646. More recently, in *Speight v. United States,* 558 A.2d 357, 358–60 (D.C.1989), we held that where appellant declined to contest the commissioner's findings and judgment in the trial court—purporting to waive such review—this court had no jurisdiction to consider his appeal.

In the present case, appellant presented an objection concerning sufficiency of the evidence to the trial court, and the trial judge approved the commissioner's findings after reviewing both appellant's and the government's motions, as well as the transcript of the trial. Accordingly, we would have jurisdiction, *see Speight,* and a sufficient record, *see Kwakye,* to review that issue if it had been presented to us. The first question we must address, however, is whether we have jurisdiction over the hearsay issue raised for the first time in this court. Arguably, we do not, on the theory that, as in *Speight,* appellant declined to present it to the trial court and thus should be deemed not to have invoked that court's jurisdiction as a prerequisite to ours. On the other hand, one could argue that, having properly invoked the trial court's jurisdiction over the sufficiency issue, the appeal is properly before this court, whatever issues ultimately may be considered.

We are satisfied that the latter approach is the more reasonable one and that the central question before us, therefore, is a merits question under the statute: whether we may review an issue that a defendant fails to raise in the trial court. We con-clude that, absent extraordinary circumstances, if an issue is not presented to the trial court for its considered review, the issue will not be preserved for appeal. We held in *Kwakye* that, before this court may review an alleged error by a commissioner, the trial court—as the first avenue of appeal—must rule on "a record sufficient to permit review of the specific issues raised." 494 A.2d at 646. We believe this implies, and we now hold, that a defendant ordinarily must present to the trial court all the issues to be raised or else forego their consideration later by this court.

We recognize that the ten-day period for filing an appeal in the Superior Court, with all issues specified, is relatively short. Accordingly, we allow for "extraordinary circumstances" (not present here) that may justify this court's review on a rare occasion of an issue not presented to the trial court. Furthermore, we will review appellants' motions more generously than we might otherwise for an indication that the issues raised on appeal were noted below. Finally, pursuant to our responsibilities to regulate all matters relating to appeals in the Superior Court, D.C.Code § 17–302 (1981), we conclude that Super.Ct.Crim.R. 117(c) must be amended to require a warning to defendants electing trial before a commissioner that their appeal rights are more limited in this forum than they would be if they were to demand a trial in Superior Court.

The record in this case clearly indicates that appellant failed to bring the hearsay issue to the trial court for review; thus, he has forfeited his appeal on this ground.[3] Nor has appellant questioned in this court the sufficiency of the evidence for conviction. Accordingly, the judgment of conviction is

*Affirmed.*

---

**3.** We note in any event that appellant's claim that the trial court erred in admitting the daily count sheet into evidence under the business records exception to the hearsay rule is meritless. *See Pryor v. United States,* 503 A.2d 678, 681 (D.C.1986).