**Peter L. ARLT, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–60.**

District of Columbia Court of Appeals.

Submitted Feb. 22, 1989.

Decided July 25, 1989.

Nina Kraut, Washington, D.C., appointed by the court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, and Mary Ellen Abrecht, Kathleen A. Brandon, and Sharon M. Collins, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before MACK and TERRY, Associate Judges, and KERN, Senior Judge.

---

TERRY, Associate Judge:

Appellant Arlt was charged with taking property without right, in violation of D.C. Code § 22–3816 (1988 Supp.). He was tried and found guilty before a Superior Court hearing commissioner, and upon his request he was sentenced immediately to time served. *See* D.C.Code § 11–1732(j)(5) (1988 Supp.). He then noted an appeal to this court without first seeking review by a Superior Court judge, as required by statute.[1] Because appellant bypassed that review, this court *sua sponte* ordered him to show cause why his appeal should not be dismissed for lack of jurisdiction. Instead of responding to the order, appellant filed a "Motion to Hold Appeal in Abeyance," in which he asked us to suspend further proceedings in his appeal so that he might seek review in the Superior Court. We conclude that we cannot do so because we have no jurisdiction at all over appellant's appeal, and that this appeal must instead be dismissed.

Congress first authorized the Superior Court to appoint hearing commissioners in 1982, under a "pilot program ... to give the D.C. Superior Court the tools with which to better address an overburdened court system." S.Rep. No. 99–477, 99th Cong., 2d Sess. 2 (1986). This legislation[2] permitted commissioners to make "findings and recommendations" which became final orders or judgments, appealable to this court, only after review and approval by a Superior Court judge. *See Kwakye v. District of Columbia,* 494 A.2d 643, 645 (D.C. 1985); *District of Columbia v. Eck,* 476 A.2d 687, 689 (D.C.1984).[3]

In 1986, one week after appellant was charged but well before his trial and subsequent notice of appeal, section 11–1732 was substantially amended[4] to empower commissioners to "make findings *and enter final orders and judgments*" in certain non-jury criminal and civil cases. D.C.Code § 11–1732(j)(5) (1988 Supp.) (emphasis added). Under the amended statute, orders and judgments of hearing commissioners are now "final" upon entry, subject to applicable Superior Court rules,[5] but without the requirement of approval by a Superior Court judge as a predicate to finality.[6]

▪ The 1986 amendment thus made it possible for commissioners to enter orders which would be "final" for Superior Court

---

1. D.C.Code § 11–1732(k) (1988 Supp.) provides:

   With respect to proceedings and hearings under paragraphs (2), (3), (4), and (5) of subsection (j), a review of the hearing commissioner's order or judgment, in whole or in part, may be made by a judge of the appropriate division [of the Superior Court] sua sponte and must be made upon a motion of one of the parties made pursuant to procedures established by rules of the Superior Court. The reviewing judge shall conduct such proceedings as required by the rules of the Superior Court. An appeal to the District of Columbia Court of Appeals may be made only after a judge of the Superior Court has reviewed the order or judgment.

   This case was tried before the commissioner pursuant to paragraph (5) of subsection (j).

2. Pub.L. No. 97–257, 96 Stat. 818, 830–831 (1982) (codified at D.C.Code § 11–1732 (1983 Supp.)).

3. In pertinent part, the pre–1986 statute provided:

   The findings and recommendations of the hearing commissioner shall *when approved by a judge* of the appropriate division [of the

   Superior Court] *constitute a final order of the Superior Court.*
   D.C.Code § 11–1732(c)(4) (1986 Supp.) (emphasis added).

4. Pub.L. No. 99–573, § 2(a), 100 Stat. 3228 (1986).

5. Super.Ct.Crim.R. 117 generally governs all criminal proceedings before hearing commissioners. The corresponding civil rule is Super. Ct.Civ.R. 73.

6. When this case was tried before the hearing commissioner, the Superior Court rules said nothing about the time within which a commissioner's ruling might be reviewed by a Superior Court judge. The applicable rule was amended, however, in April 1988. Since that time, a party seeking review of a hearing commissioner's order or judgment must do so by motion "filed and served within 10 days after service of the order or judgment upon the party, or, if the commissioner's order or judgment was stated on the record, within 10 days thereafter." Super.Ct.Crim.R. 117(f)(1). Alternatively, a Superior Court judge may conduct such review *sua sponte* within thirty days after entry of the com-

purposes without further action by a judge. However, it did not eliminate the requirement of review by a Superior Court judge as an intermediate step before any review by *this* court of a proceeding before a commissioner. On the contrary, the amended statute codified our holding in *Eck* that Superior Court review was a jurisdictional prerequiste to appellate review of a commisisoner's ruling by this court.[7] D.C.Code § 11–1732(k) (1988 Supp.); *see Dorm v. United States,* 559 A.2d 1317 (D.C.1989); *Speight v. United States,* 558 A.2d 357 (D.C.1989). The statute now unambiguously states, "An appeal to the District of Columbia Court of Appeals may be made *only after* a judge of the Superior Court has reviewed the order or judgment." D.C.Code § 11–1732(k) (1988 Supp.) (emphasis added).[8] These words could not be plainer and admit of only one meaning. Review of a commissioner's judgment or order by a Superior Court judge is the necessary first step in the appellate process and must precede appellate review of that same ruling by this court. Neither the parties nor this court may disregard this express command of Congress. *See Speight v. United States, supra,* 558 A.2d at 359–360; *see also, e.g., Davis v. United States,* 397 A.2d 951, 956 (D.C.1979) (statute will be interpreted according to its plain meaning, and words construed "according to their ordinary sense"); *United States v. Thompson,* 347 A.2d 581, 583 (D.C.1975) (same).[9]

■ There is no indication in this case that the commissioner's findings and judgment were ever reviewed by a Superior Court judge. As far as we can tell, no Superior Court judge has ever touched, let alone reviewed, the record before the hearing commissioner. Every proceeding in the case was held before a commissioner. No judge's signature appears on any paper in the record, and no judge's name appears at any place on the docket.[10] Accordingly, this court has no jurisdiction to entertain the instant appeal or to do anything but dismiss it.

This is the fifth published opinion from this court involving purported appeals from orders or judgments of Superior Court hearing commissioners.[11] The common thread running through all five is the principle—established in *Eck* and now codified in D.C.Code § 11–1732(k)—that an order or judgment of a hearing commissioner is not directly appealable to this court. Under section 11–1732(k), appellate review of any hearing commissioner's ruling *must* be sought first in the Superior Court, or conducted *sua sponte* by a Superior Court judge.[12] Only after such review may an appeal be noted to this court. That appeal, moreover, is taken not from the commissioner's ruling but from the Superior Court judge's final order or judgment. *See* D.C.

---

7. In *Eck* the District of Columbia noted an appeal to this court from a hearing commissioner's order dismissing an information. We held that a commissioner's ruling "does not become a final order until a trial judge approves and adopts it." 476 A.2d at 688. Because this court (with certain limited exceptions not relevant here) has jurisdiction only of appeals from "final" orders, D.C.Code § 11–721(a)(1) (1981), we dismissed the appeal for lack of jurisdiction. 476 A.2d at 689.

8. Because the 1986 amendment merely codified pre-existing law, as established in our 1984 *Eck* decision, this case presents no issue as to the retroactive application of the amendment to a case in which the offense occurred before its effective date.

9. The procedural requirements for such review are set forth in Super.Ct.Crim.R. 117 and in our missioner's order or judgment. Super.Ct. Crim.R. 117(f)(2).

decisions in *Kwakye, Speight,* and *Dorm.* We need not restate them here.

10. According to the docket, appellant was arraigned before Commissioner Treanor; according to the case jacket, however, his arraignment took place before Commissioner Ellis. His case was continued once by Commissioner Harnett. On the scheduled trial date he appeared before Commissioner Gaye, who certified the case to Commissioner Treanor for trial.

11. The other four, of course, are *Eck, Kwakye, Speight,* and *Dorm, supra.*

12. Since April 1988, a party seeking review of a commissioner's order or judgment in the Superior Court must file a motion for such review within ten days under Rule 117(f)(1). A judge, however, has thirty days within which to act *sua sponte* under Rule 117(f)(2). See note 6, *supra.* The same time limits apply in civil cases. *See* Super.Ct.Civ.R. 73(c)(1), (2).

Code § 11–721(a)(1) (1981). We urge the bar to take note of these jurisdictional requirements so that we may bring this series of opinions to an end.

Because appellant failed to seek review of the hearing commissioner's judgment in the Superior Court, this appeal is

*Dismissed for lack of jurisdiction.*[13]

---

**13.** Even if we had jurisdiction, we would have to affirm the commissioner's judgment on the merits. The evidence was clearly sufficient to support appellant's conviction of taking property without right. *Tibbs v. United States,* 507 A.2d 141 (D.C.1986). His motive for taking the property (a flag belonging to the District of Columbia, which he removed from a lamppost) was irrelevant. We agree with the hearing commissioner that appellant's asserted "right of free expression" does not protect him from being prosecuted for taking property that is not his. *See Adderley v. Florida,* 385 U.S. 39, 47–48, 87 S.Ct. 242, 247, 17 L.Ed.2d 149 (1966); *United States v. Eberhardt,* 417 F.2d 1009, 1014 (4th Cir.1969), *cert. denied,* 397 U.S. 909, 90 S.Ct. 907, 25 L.Ed.2d 90 (1970); *see also United States v. O'Brien,* 391 U.S. 367, 376–377, 88 S.Ct. 1673, 1678–1679, 20 L.Ed.2d 672 (1968).