Darnicia BRATCHER, Appellant,

v.

UNITED STATES, Appellee.

No. 91–134.

District of Columbia Court of Appeals.

Argued Jan. 28, 1992.
Decided March 3, 1992.

Phyllis Joan Baron, Silver Spring, Md., for appellant.

Jennifer M. Anderson, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., were on brief for appellee.

Before STEADMAN and KING, Associate Judges, and REILLY, Senior Judge.

KING, Associate Judge:

On December 9, 1988, appellant entered a plea of guilty before Hearing Commissioner Earl Shamwell to one count of sexual solicitation, an offense occurring on December 16, 1987, in violation of D.C.Code § 22–2701(a) (1989 Repl.).[1]  Just prior to

---

1.  The full text of the applicable portion of the statute is:

    (a) It shall not be lawful for any person to invite, entice, persuade, or address for the purpose of inviting, enticing, or persuading, any person or persons in the District of Co-

lumbia for the purpose of prostitution or any other immoral or lewd purpose.  The penalties for any violation of this section shall be a fine of $300 for the first offense, a fine of $300 and 10 days imprisonment for the second offense, and a fine of $300 and 90 days

entry of the plea the government filed papers informing the court that appellant had five prior convictions for the same offense, all occurring between January 4, 1984, and October 17, 1987. It was the government's view that since appellant had two or more convictions for the same offense, the hearing commissioner was obligated to impose a 90 day sentence pursuant to an amendment[2] to the statute that had established mandatory sentencing requirements and that had become effective on December 1, 1987—slightly more than two weeks before the offense of conviction was committed. The hearing commissioner ruled, however, that because all of appellant's prior convictions had occurred before the effective date of the amendment, appellant should be treated, for sentencing purposes, as if she had no prior convictions at all. Accordingly, he sentenced her as a first-offender, imposing a $300 fine, suspended, with one year of unsupervised probation.

The government then filed a timely motion to review before a Superior Court Judge pursuant to Super.Ct.Crim.R. 117(g)(1). On December 4, 1990, the Honorable Herbert Dixon, Jr. granted the government's motion and remanded the matter for resentencing. Judge Dixon ruled that Commissioner Shamwell erred when he concluded that he could not consider convictions occurring prior to the effective date of the amendment for sentencing enhancement purposes. On remand, on February 7, 1991, Commissioner Shamwell imposed a sentence of ninety days as urged by the government.

Appellant did not seek review of that sentence before a Superior Court Judge. Instead, she filed a notice of appeal to this court the next day. She claims that consideration of previous convictions that predate the effective date of the amendment to the statute violates the *ex post facto*[3] clause of the United States Constitution. The government disagrees but also argues that this court lacks jurisdiction to consider this appeal and, therefore, urges that the appeal be dismissed. We agree with the government on the latter point and accordingly dismiss the appeal.

■ A Superior Court hearing commissioner is empowered to enter final orders or judgments in certain non-jury criminal matters. D.C.Code § 11–1732(j)(5) (1989 Repl.). Such orders or judgments are not final for purpose of review in this court. An "appeal to the District of Columbia Court of Appeals may be made only after a judge of the Superior Court has reviewed the order or judgment." D.C.Code § 11–1732(k) (1989 Repl.); *Arlt v. United States,* 562 A.2d 633, 635 (D.C.1989); *Speight v. United States,* 558 A.2d 357, 360 (D.C. 1989). In this case, after resentencing, appellant was obligated to seek review of her sentence before a Superior Court Judge pursuant to Super.Ct.Crim.R. 117(g)(1). It is only after such review that an appeal can be taken to this court. *Arlt, supra,* 562 A.2d at 635; Super.Ct.Crim.R. 117(g)(5).

■ Appellant maintains that such a review took place when Judge Dixon considered the matter after the first sentence was imposed. If Judge Dixon's ruling were a final order or judgment[4], *see* D.C.Code § 11–721(a)(1) (1989 Repl.), the notice of appeal would be untimely since it was filed more than two months after the ruling was issued. This court lacks jurisdiction to consider an appeal filed more than thirty days after the entry of the order being appealed. D.C.App.R. 4(b)(1); *United States v. Jones,* 423 A.2d 193, 196 (D.C.1980).

imprisonment for each subsequent offense. Any person convicted of a violation of this section may be sentenced to community service as an alternative to, but not in addition to, any term of imprisonment authorized by this section.

**2.** Penalty for Prostitution Amendment Act of 1987, § 2, 34 D.C.Reg. 5310 (1987).

**3.** This claim was recently considered and rejected by this court in the context of a different statute. *Gibson v. United States,* 602 A.2d 117, 121 (D.C.1992).

**4.** Judge Dixon's order remanding for re-sentencing was itself not appealable since in a criminal case an appeal may not be taken until after pronouncement of sentence. *West v. United States,* 346 A.2d 504, 505 (D.C.1975).

Nonetheless, appellant maintains that Judge Dixon's remand order constituted the required review, since the hearing commissioner had no discretion to impose any sentence other than the one actually imposed. Therefore, she reasons, any further review would have been superfluous since the hearing commissioner was merely carrying out Judge Dixon's express direction. That argument is in effect a claim that Commissioner Shamwell was required to perform what amounted to a preordained ministerial act, and that as soon as he had done so the matter ripened into a final judgment which could then be appealed. She further reasons that since the "ministerial" act took place the day before the notice of appeal was filed, the appeal is timely.

This argument fails for a number of reasons. First, there is no authority anywhere for such a conclusion. Second, Judge Dixon's order did not preordain a result. He simply ruled that Commissioner Shamwell erred in his interpretation of the law. The sentence originally imposed was vacated, and the matter was remanded to the hearing commissioner for resentencing. No particular sentence was mandated.

Further, as the government notes in its supplemental Motion for Review, the hearing commissioner was required to do more than simply impose a sentence. For example, during the original sentencing proceeding, no inquiry was made of appellant as to whether she affirmed or denied the convictions. Nor was she advised of the consequences of her failing to challenge them. These are procedures that apply in any sentencing proceeding involving enhanced sentencings, and we have repeatedly held that strict compliance is mandatory. D.C.Code § 23–111(b) (1989 Repl.) ("Section 111(b)"); *Smith v. United States*, 356 A.2d 650 (D.C.1976); *see Robinson v. United States*, 454 A.2d 810, 812 (D.C.1982). Thus, on remand the hearing commissioner was obligated to make the appropriate inquiry of appellant before imposing any enhanced sentence.

Appellant also argues that on remand the hearing commissioner could only impose the sentence that he actually imposed. To be sure, once the hearing commissioner, on remand after following the procedures mandated by Section 111(b), concluded that appellant had at least two valid prior convictions for the same offense, a 90 day term of imprisonment and $300 fine was required.[5] It is still an open question, however, whether such a sentence can be suspended in whole or in part, with or without a period of probation. *See* D.C.Code §§ 22–2703, 16–710 (1989 Repl.). At least one trial judge has concluded that there is nothing in the statute that precludes suspending a sentence imposed under this provision. *United States v. Williams*, 116 Daily Wash.L.Rptr. 1005 (D.C.Super.Ct.1988) (Burgess, J.). We express no view whether such authority exists but we do note that the hearing commissioner in this case suspended the fine when he first imposed sentence, and the government did not challenge that aspect of the sentence when it sought review before Judge Dixon.

We note also that on remand, under the terms of the sentencing provision itself, the hearing commissioner was free to impose community service as an alternative to any sentence of imprisonment. See note 1, *supra*. In sum, when Judge Dixon vacated the original sentence and remanded for resentencing, Commissioner Shamwell was faced with a range of possible courses of action. He was required and empowered to do more than just impose the sentence he actually imposed. Only when he did so was the matter ripe for review by a Superior Court judge, required by Super.Ct.Crim.R. 117(g)(1), and it was only after such a review that an appeal could be taken to this court. D.C.Code § 11–1732(k) (1989 Repl.). Because appellant failed to follow that procedure, this court is without jurisdiction to consider her appeal. *See Arlt, supra*, 562 A.2d at 635.

Unfortunately, this is not the first time this issue has been presented to us. An observation made by us in *Arlt* bears repeating:

---

**5.** This is so unless the sentence imposed is for community service as discussed *infra*.

This is the fifth published opinion from this court involving purported appeals from orders or judgment of Superior Court hearing commissioners. The common thread running through all five is the principle—established in [*District of Columbia v. Eck*, 476 A.2d 687 (D.C. 1984)] and now codified in D.C.Code § 11–1732(k)—that an order or judgment of a hearing commissioner is not directly appealable to this court. Under section 11–1732(k), appellate review of any hearing commissioner's ruling *must* be sought first in the Superior Court, or conducted *sua sponte* by a Superior Court judge. Only after such review may an appeal be noted to this court. That appeal, moreover, is taken not from the commissioner's ruling but from the Superior Court judge's final order or judgment. *See* D.C.Code § 11–721(a)(1) (1981). We urge the bar to take note of these jurisdictional requirements so that we may bring this series of opinions to an end.

*Id.* at 635–36 (footnotes omitted).

Because appellant failed to seek review of the hearing commissioner's judgment in the Superior Court, this appeal is

*Dismissed for lack of jurisdiction.*