Timothy **NICHOLS**, Appellant,

v.

**FIRST UNION NATIONAL BANK,**
**Michael D. Lang, Appellees.**

No. 04–CV–1576.

District of Columbia Court of Appeals.

Argued June 27, 2006.
Decided Aug. 17, 2006.

Timothy Nichols, pro se.

Daniel S. Fiore, Arlington, VA, for appellees.

Before RUIZ and KRAMER, Associate Judges, and NEBEKER, Senior Judge.

RUIZ, Associate Judge:

The claims in this appeal arise out of disputed financial transactions between appellant, Timothy Nichols, and First Union National Bank and its employee, Michael D. Lang.[1] We see no reason to disturb the trial court's grant of summary judgment, or its denial of appellant's "motion for reconsideration," which we deem to be a Superior Court Civil Rule 60 motion. We reverse, however, the trial court's erroneous grant of costs to First Union, the party that prevailed in the litigation, under Superior Court Civil Rule 68.

### I.

The parties agree that appellant signed a promissory note for a $10,000 loan with First Union, which he paid off early. The two main allegations disputed below were whether appellant also purchased a $10,000 certificate of deposit from First Union and whether he overpaid in repaying the loan.

Appellant, who was represented by counsel throughout most of the Superior Court proceedings, ran afoul of several court orders and court rules. Finding appellant "completely uncooperative in facilitating the production of" materials necessary to deposing his proffered expert witnesses—a handwriting expert and medical expert who were proffered to establish check forgery and medical symptoms resulting from appellee's alleged intentional infliction of emotional distress, respectively—the trial court ruled that both experts were prohibited from testifying. Appellant's repeated "flouting of the Court's November 26, 2003 order" by failing to make himself available for deposition led to his own testimony being

barred. While the trial court recognized these were "stern remed[ies]," it "conclude[d] that it ha[d] no other recourse." Appellant also failed to comply with court orders that he produce the original document—one he claimed to possess—to prove that he owned the disputed certificate of deposit.

Based on appellant's failure to turn over the certificate of deposit documentation and his inability to present witnesses to establish his claims, the trial court granted First Union's motion for summary judgment, dismissing appellant's case, in a written order docketed May 18, 2004. Appellant did not appeal from that order, but filed a "Motion to Reconsider, Reinstate, and Permit Filing of Opposition" on May 28, 2004. On November 24, 2004, the trial court denied this motion, and in the same order awarded costs to First Union pursuant to Superior Court Civil Rule 68. Appellant filed a timely notice of appeal from this order on December 21, 2004.

### II.

This court may exercise jurisdiction over appeals from all final orders and judgments of the Superior Court of the District of Columbia. D.C.Code § 11–721 (2002). However, "This court lacks jurisdiction to consider an appeal filed more than thirty days after the entry of the order being appealed." *Bratcher v. United States*, 604 A.2d 858, 859 (D.C.1992) (citing D.C.App. R. 4(b)(1)).

We have previously held, under this court's Rule 4 in effect prior to 2004, that "[a]lthough a timely filed Rule 59 motion tolls the thirty-day period for filing a notice of appeal from a court's final order, a

---

1. The parties have informed us of the merger between First Union National and Wachovia Bank, but neither has requested that the name of the appellee be modified. Mr. Lang was acting as an employee of First Union National Bank during the disputed transactions. Therefore, we refer to both appellees collectively as "First Union."

Rule 60(b) motion does not." *Turcios v. U.S. Servs. Indus.*, 680 A.2d 1023, 1025 (D.C.1996); *see* D.C.App. R. 4(b)(1) (2003); *see also Vincent v. Anderson*, 621 A.2d 367, 370 (D.C.1993). Under that rule, if appellant filed a Rule 60 motion, we would not have jurisdiction to consider any of the rulings leading up to the grant of summary judgment, which was entered more than 30 days before Mr. Nichols filed his notice of appeal.

To further our policy in favor of decisions on the merits, our cases interpreted the old Rule 4 such that "[a] motion that is 'proper under either rule [59 or 60]' will ordinarily be treated as a Rule 59(e) motion, if timely filed," within ten days. *Wallace v. Warehouse Employees Union # 730*, 482 A.2d 801, 805 (D.C.1984). Even so, if appellant "did not base his claim for relief on an error of law; [but] alleged an additional circumstance not available to the trial court when it granted [ ] judgment," then because "[t]his is a ground for relief under Rule 60(b)(1), . . . [the] motion properly should be treated as a motion under that rule." *Nuyen v. Luna*, 884

A.2d 650, 655 (D.C.2005). Because jurisdiction to hear an appeal depended on the nature of the post-judgment motion filed in the trial court, the appellate court was required to preliminarily engage in assessing the content of the motion before it could decide whether it had jurisdiction to hear the case.

Rule 4 has been revised and no longer requires this case-by-case evaluation of the nature of a motion—*i.e.*, whether properly characterized as a Rule 59 or Rule 60 motion—in order to determine whether an appeal is timely,[2] in favor of a bright line rule based on the timing of the filing of a Rule 60 motion for relief from judgment. Under the current Rule 4, in civil cases "the time to file an appeal runs for all parties from the entry of the order disposing of . . . [a] motion . . . (iii) to vacate, alter, or amend the order or judgment; . . . or (v) for relief from a judgment or order if the motion is filed no later than 10 days (computed using Superior Court Rule of Civil Procedure 6(a)) after the judgment is entered." D.C.App. R. 4(a)(4)(A)(iii) & (v) (2006).[3] Thus, both Rule 59 motions

---

**2.** The nature of the motion continues to be important for other purposes, such as the standard of review on appeal: Rule 59 motions that claim an error of law are reviewed *de novo, see, e.g., Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1281 (D.C.2002) (*de novo* review of summary judgment), whereas Rule 60 motions are reviewed for abuse of discretion. *See Puckrein v. Jenkins*, 884 A.2d 46, 60 (D.C.2005).

**3.** The current Rule 4(a)(4) provides in full:

    (4) Effect of a Motion on a Notice of Appeal. (A) If a party timely files in the Superior Court any of the following motions under the rules of the Superior Court, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

    (I) for judgment as a matter of law;

    (ii) to amend or make additional factual findings, whether or not granting the motion would alter the judgment;

    (iii) to vacate, alter, or amend the order or judgment;

    (iv) for a new trial; or

    (v) for relief from a judgment or order if the motion is filed no later than 10 days (computed using Superior Court Rule of Civil Procedure 6(a)) after the judgment is entered.

Super. Ct. Civ. R. 4(a)(4) (2006).

    As revised, our Rule 4(a)(4), although not identically worded to Federal Rule of Appellate Procedure 4(a)(4), is to the same effect, and was adopted—as was the Federal Rule— "to make clear that after the filing of the specified post trial motions, a notice of appeal should await disposition of the motion." Fed. R.App. Advisory Comm. Note to 1979 Amendment. The equivalent federal rule provides:

    (4) Effect of a Motion on a Notice of Appeal.

    (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the

(which must be filed within 10 days of entry of judgment), *see* Super Ct. Civ. R.59(b),[4] and Rule 60 motions that are filed within such 10 days toll the time to appeal. Rule 4 was changed as part of an overall revision of the D.C. Appellate Rules adopted by the court on December 2, 2003, to become effective January 2, 2004, and is applicable to "[a]ll notices of appeal, petitions for review, and petitions for extraordinary writs, as described in Title IV of the revised rules, filed on or after such date, and all proceedings resulting from such filings...." *See* Order of District of Columbia Court of Appeals, December 2, 2003. As the notice of appeal in this case was filed on December 21, 2004, the new Rule 4 governs this appeal, and appellant's "motion to reconsider"—even if a Rule 60 motion—tolled the time to appeal because it was filed within 10 days of the entry of summary judgment.[5] His challenge to the discovery-related rulings

that led to the grant of summary judgment, as well as the denial of the "motion to reconsider," are therefore properly before us. We now turn to consider the merits of his appeal.

## III.

■ Appellant contends that the trial court erred in entering orders prohibiting him and his expert witness (Katherine Kopphenhaver) from testifying, and, as a result, in granting summary judgment to appellees. We disagree.

Pretrial discovery is intended to operate via the parties' voluntary cooperation with a minimum of judicial oversight, and consequently, it is vulnerable to parties who choose to employ obstructive tactics in bad faith. The subversion of the discovery process by such means seriously harms the administration of justice. When discovery abuses come to

---

time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(I) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under rule 60 if the motion is filed no later than 10 days after the judgment is entered.

Fed. R.App. 4(a)(4) (2006).

4. Rule 59 motions must be filed "no later than 10 days after entry of judgment." Super. Ct. Civ. R. 59(b).

5. As we have previously observed, "[a] motion for reconsideration, by that designation, is unknown to the Superior Court's Civil Rules." *Fleming v. District of Columbia*, 633 A.2d 846, 848 (D.C.1993). The Civil Rules instead pro-

vide for a "motion to alter or amend judgment," *see* Super. Ct. Civ. R. 59(e), and a motion for "relief from judgment or order," *see* Super. Ct. Civ. R. 60(b). It does not matter, however, that Mr. Nichols's "motion papers did not cite the rule under which it was filed, and the order by the motions judge did not indicate the rule under which the motion was considered," because "[t]he nature of a motion is determined by the relief sought, not by its label or caption." *See Wallace*, 482 A.2d at 803–04.

Appellant's motion did not argue any errors of law, but rather presented evidence which, he claimed, showed that three rulings imposing discovery sanctions that precluded appellant from presenting evidence were "obtained by fraud" and a fourth, denying a second amendment of the complaint, was "the result of mistake." Rule 60 expressly provides relief from judgments based on "mistake, inadvertence, surprise, or excusable neglect," Super. Ct. Civ. R. 60(b)(1), or "fraud ..., misrepresentation, or other misconduct." *Id.* at (b)(3). In light of the additional evidence presented, the arguments made, and the relief requested, we must conclude that appellant's motion is properly considered a rule 60 motion.

the attention of the judge, the judge has a duty to take proportionate and effective countermeasures. For that purpose, Super. Ct. Civ. R. 37 permits the trial court to select from a range of sanctions, including the award of attorney's fees and expenses, the preclusion of claims or defenses, and the dismissal of an action or the entry of a judgment of default. The decision to impose discovery sanctions is left to the broad discretion of the trial court, and this court will reverse only if the trial court abuses its discretion by imposing a penalty too strict or unnecessary under the circumstances.

*Jung v. Jung,* 791 A.2d 46, 48–49 (D.C. 2002). Regarding Ms. Koppenhaver, appellant's counsel failed to attend her scheduled deposition or produce documents as ordered, then failed to produce the documents before the close of discovery. Regarding his own testimony, appellant failed to attend the first two scheduled deposition dates in defiance of court orders, showed up to the third scheduled deposition date unable to testify,[6] and failed to comply with the court's subsequent order to provide dates on which he could complete his deposition before the close of discovery. Judge Burgess precluded the witnesses from testifying only after "plaintiff's irresponsible and unexplained conduct," left the trial court with "no other recourse." Accordingly, we find no abuse of discretion in the judge's imposition of discovery sanctions.

**6.** Appellant claimed he was taking medication that impeded his ability to recall relevant events.

**7.** Appellant was unwilling to produce the original certificate of deposit to appellee's counsel, suggesting, instead, that he would deposit it with the court. At oral argument on appeal, appellant offered to produce the

■ The grant of summary judgment arises inexorably from the trial court's prior orders barring the aforementioned witnesses and appellant's expert medical witness. Without those witnesses, and given appellant's continued refusal to produce the original certificate of deposit that was at the center of his suit,[7] appellant lacked vital evidence on each count of his complaint—a defect that appellant has failed to address both before the Superior Court and on appeal. "[A]n adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Super. Ct. Civ. R. 56(e) (1991). We perceive no error in the grant of summary judgment for appellees.

### IV.

■ We also have jurisdiction to review, for abuse of discretion, *see Puckrein v. Jenkins,* 884 A.2d 46, 60 (D.C.2005), the trial court's denial of appellant's Rule 60 motion claiming fraud and mistake. Appellant bears the consequences of his counsel's failures to comply with the court rules and orders, and must himself make diligent efforts to respond to orders in good faith. *See McMillan v. Choice Healthcare Plan, Inc.,* 618 A.2d 664, 667 (D.C.1992). The trial court rejected the fraud allegation, and specifically denied the motion on this ground, finding:

certificate of deposit. That tender came too late. Appellate courts do not take evidence and are bound to review a case based on the record developed by the parties in the trial court. *See Mbakpuo v. Ekeanyanwu,* 738 A.2d 776, 781 (D.C.1999) (noting that review on appeal cannot be based upon statements of counsel that are not supported by the record).

Neither plaintiff's instant motion nor anything contained in the record raise the slightest suggestion to the court that any of the four rulings as to which reconsideration is now sought was erroneous in any respect. Indeed, each of the rulings was required by [plaintiff] counsel's repeated violations of the rules and court orders. The motion for reconsideration must, therefore, be denied.

Having considered the record on appeal, we do not discern any abuse of discretion in the trial court's rejection of the fraud allegations.

■ Appellant also argued that a written order of the trial court mistakenly denied his motion for an extension of time to file a second amended complaint. Appellee concedes that the trial court had in open court permitted the amended complaint and, in fact, appellee answered it. The second amended complaint alleges virtually identical claims and facts. Therefore, summary judgment would have been granted to appellee on this complaint for the same reasons as the first amended complaint. Because appellant suffered no prejudice, even if we assume a mistake was made, the denial of the Rule 60 motion was not an abuse of discretion requiring reversal.

## V.

■ In the same order denying appellant's motion for relief, the trial court also granted First Union's motion, filed pursuant to Superior Court Civil Rule 68, for costs incurred subsequent to an offer of judgment in the amount of $10 that had been made by First Union to appellant on

May 6, 2003. Appellant had rejected the offer.

Rule 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

Super. Ct. Civ. R. 68. Noting the mandatory "must" in Rule 68, the trial court held appellant liable for costs totaling $7662.56 incurred by First Union subsequent to its offer to settle. That interpretation, however, overlooks the condition precedent of a "judgment finally obtained by the offeree," and distorts the role that Rule 68 plays in relation to other rules, such as Superior Court Civil Rule 54(d), which grant the trial judge discretion to award costs. For reasons fully explained by the Supreme Court, we hold that Rule 68 does not apply when the defendant is the prevailing party.[1]

If a plaintiff chooses to reject a reasonable offer, then it is fair that he not be allowed to shift the cost of continuing the litigation to the defendant in the event that his gamble produces an award that is less than or equal to the amount offered. But it is hardly fair or evenhanded to make the plaintiff's rejection of an utterly frivolous settlement offer a watershed event that transforms a prevailing defendant's right to costs in the discretion of the trial judge into an absolute right to recover the costs incurred after the offer was made.

---

1. The District of Columbia and Federal versions of Rule 68 on this point "are identical, [so] we may look to federal court decisions as persuasive authority in interpreting our rule." *Davis v. Abbuhl,* 461 A.2d 473, 476 n. 6 (D.C. 1983).

*Delta Air Lines v. August,* 450 U.S. 346, 356, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *see also Tunison v. Continental Airlines Corp.,* 333 U.S.App. D.C. 280, 286–87, 162 F.3d 1187, 1193–94 (1998). Rule 68 is designed "to penalize *prevailing* plaintiffs who had rejected reasonable settlement offers. . . ." *Delta Air Lines,* 450 U.S. at 358, 101 S.Ct. 1146 (emphasis added). The Court's detailed review of the rule's history confirms that other rules for which the Superior Court has analogues, most expressly Rule 54(d), are designed to deal with the award of costs when there is no judgment obtained by the plaintiff. *See id.* at 356–62, 101 S.Ct. 1146.

Accordingly, we affirm the trial court's grant of summary judgment to appellee, and the denial of appellant's Rule 60(b) motion, but reverse the award of costs to appellee pursuant to Rule 68.

*So ordered.*