*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

**No. 22-FS-575**

IN RE T.S.,
     T.S., Appellant.                    **2022 NEG 161**


BEFORE:    Glickman, Easterly, and AliKhan, Associate Judges.

## JUDGMENT
(FILED- August 4, 2022[*])

Before us in this matter is an expedited interlocutory appeal seeking summary reversal of an order placing a child in shelter care pending further proceedings in a neglect case. *See* D.C. Code § 16-2328. The notice of appeal, filed on August 3, 2022, by the child's guardian *ad litem* ("GAL"), states that the appeal is taken from two Family Court orders: (1) the July 28, 2022, Magistrate Judge's order directing that the child be placed in shelter care pending further proceedings; and (2) the August 3, 2022, order of the Presiding Judge of the Family Court dismissing the GAL's emergency motion for review of the Magistrate Judge's order, "without prejudice," for lack of jurisdiction under Super. Ct. Fam. R. D(e).

For the reasons that follow, we do not reach the merits of the magistrate judge's order placing the child in shelter care. We lack jurisdiction to review that order until it first has been reviewed by an Associate Judge of the Family Court. Instead, we reverse the Presiding Judge's ruling and remand for an Associate Judge to conduct a full review of the shelter-care order on the merits.

---

[*] The decision in this case was originally issued as an unpublished Judgment. It is now being published at the direction of the court.

**No. 22-FS-575**

D.C. Code § 16-2328 provides for expedited appellate review by this court of a Family Court order placing a child in shelter care.[1] The statute does not authorize this court to review a Magistrate Judge's order directly, however. On the contrary, D.C. Code § 11-1732(k) specifically provides for review of Magistrate Judge orders to be made by Associate Judges of the Superior Court, either "sua sponte" or "on motion of one of the parties."[2] Section 11-1732(k) goes on to state that "[a]n appeal to the District of Columbia Court of Appeals may be made *only* after a judge [i.e., an Associate Judge] of the Superior Court has reviewed the order of judgment." *Id.* (emphasis added); *see also Arlt v. United States*, 562 A.2d 633, 634-35 (D.C. 1989) ("These words could not be plainer and admit of only one meaning. Review of a [magistrate judge's] judgment or order by a Superior Court judge is the necessary first step in the appellate process and must precede appellate review of that same ruling by this court. Neither the parties nor this court may disregard this express command of Congress.").

In accordance with the foregoing requirements, and as the GAL notes in its motion for summary reversal, interlocutory appeals of Magistrate Judge orders under § 16-2328 traditionally have been pursued first by appeal to an Associate Judge of the Superior Court, with a subsequent appeal to this court only after the Associate Judge has ruled on the merits. This is the first case, to our knowledge, in which an Associate Judge has deviated from that procedure.

We perceive that the Presiding Judge's reliance on Family Rule D(e) was misplaced. That rule provides a specific procedure for appeals to the Family Court of "final" judgments or orders of Magistrate Judges. The rule does not address

---

[1] In pertinent part, the statute states that a child placed in shelter care "may, within two days of the date of entry of the Division's order, file a notice of interlocutory appeal," and that this court shall "hear argument" on the appeal within three days (excluding Sundays) and "render its decision on or before the next day following argument on appeal." D.C. Code § 16-2328(a) to (b).

[2] In pertinent part, § 11-1732(k) states that "a review of the magistrate judge's order or judgment, in whole or part, may be made by a judge of the appropriate division (or, in the case of an order or judgment of a magistrate judge of the Family Court . . . , by a judge of the Family Court . . . ) sua sponte and must be made upon a motion of one of the parties made pursuant to procedures established by rules of the Superior Court."

**No. 22-FS-575**

appeals of non-final orders. The Presiding Judge accordingly reasoned in this case that because "a magistrate judge's order placing children alleged to be neglected in shelter care prior to a factfinding hearing is not a 'final order,'" in the sense that it does not completely resolve the neglect case, it "cannot be appealed to an associate judge of the Superior Court under Super. Ct. Gen. Fam. R. D(e)(1)." The Presiding Judge concluded that she therefore lacked "jurisdiction" to review the Magistrate Judge's shelter-care order. Instead, the Presiding Judge concluded, "Section 16-2328 of the D.C. Code, which is titled 'Interlocutory appeals,' creates a direct avenue for the Respondent to seek review of a magistrate judge's interlocutory order placing them in shelter care prior to a factfinding hearing directly with the D.C. Court of Appeals, . . . entirely separate and apart from the review procedure prescribed by Super. Ct. Gen. Fam. R. D(e)."

In our view, the Presiding Judge erred in two respects. First, as we have explained, § 16-2328 does not create a "direct avenue" for this court to review a Magistrate Judge's interlocutory shelter-care ruling. Section 11-1732(k), which the Presiding Judge appears to have overlooked, precludes such review. The only way this court can review a Magistrate Judge's shelter-care ruling is on appeal from a review of that ruling by an Associate Judge of the Superior Court.

Second, the Presiding Judge's interpretation of Rule D(e), while understandable, is untenable. It is true that the rule in its current form is incomplete, in that, by addressing only Superior Court review of "final" Magistrate Judge rulings, it may seem to imply that such review of non-final Magistrate Judge rulings (and specifically the shelter-care ruling in this case) is precluded. But that cannot be correct, for the rule is not a limitation on the Superior Court's jurisdiction. *See Mathis v. D.C. Hous. Auth.*, 124 A.3d 1089, 1101 (D.C. 2015) (explaining that "the Supreme Court has clarified that only a statute and not court rules may alter the classes of cases falling within a court's adjudicatory authority") (internal quotation marks and alternation omitted). Any purported limitation of Superior Court review authority of final Magistrate Judge rulings would thus have to give way to the more expansive grant of authority specified in § 11-1732(k). Moreover, such a limitation is unacceptable because—given the limitation of this court's jurisdiction in § 11-1732(k)—it would render § 16-2328 nugatory by foreclosing the possibility of the interlocutory review expressly provided by that statute.

**No. 22-FS-575**

Accordingly, without addressing the merits of the Magistrate Judge's shelter-care order, we reverse the Presiding Judge's order dismissing the GAL's motion for review for lack of jurisdiction, and we remand this case to the Superior Court with instructions that an Associate Judge conduct the full review on the merits required under § 11-1732(k). We direct the Clerk of this court to issue the mandate forthwith in order to transfer jurisdiction back to the Superior Court without delay. In that regard, we note that § 16-2328 reflects a Congressional determination that review of shelter-care orders must be conducted expeditiously. We understand that Associate Judges historically have handled review of shelter-care orders on the same expedited timeline as § 16-2328 sets forth for this court to follow, and we strongly encourage the Superior Court on remand to adhere to that timeline in this case.

ENTERED BY DIRECTION OF THE COURT:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court